**WALKER COUNTY WRECKER AND STORAGE ASSOCIATION, INC., et al., Plaintiffs,**

v.

**WALKER COUNTY, et al., Defendants.**

**C.A. No. H–83–1981.**

United States District Court,
S.D. Texas,
Houston Division.

March 6, 1984.

W. Briscoe Swan, Houston, Tex., for plaintiffs.

James Ludlum, Jr., Ludlum & Ludlum, Austin, Tex., for Walker County, Darrell White, Janell White and Ralph A. Davis.

Casimir F. Laska, Vaden, Eickenroht, Thompson, Bednar & Jamison, Houston, Tex., for A.E. "Pete" Johnson d/b/a Pete Johnson Wrecker Service and Patsy Johnson.

## MEMORANDUM AND ORDER

NORMAN W. BLACK, District Judge.

This action was brought on March 22, 1983 by the Walker County Wrecker and Storage Association and its individual members against Walker County, Walker County Judge Ralph A. Davis, Walker County Sheriff Darrell White, his wife, Janell White and Walker County Wrecker Operator A.E. "Pete" Johnson and his wife, Patsy Johnson. Plaintiffs allege that Sheriff White's practice of referring all wrecker business to Pete Johnson violates the Federal Civil Rights Act 42 U.S.C. § 1983, the Sherman Antitrust Act 15 U.S.C. §§ 1–7, the Clayton Antitrust Act 15 U.S.C. §§ 12–27, the Robinson Patman Act 15 U.S.C. § 13c, the Robinson Patman Price Discrimination Act 15 U.S.C. §§ 13–13b, and 21a, and Texas state law.

Currently pending before this Court is Plaintiff Jo Ann Poole's motion for nonsuit, Defendants' motion to dismiss, and Defendants' motion for a more definite statement. For the reasons set out hereinafter, Defendants' motions to dismiss are GRANTED. Since this disposes of the litigation in its entirety, the Court will not address the other pending motions.

Plaintiffs allege that for the past twelve years Sheriff White has been wrongfully referring all official wrecker business to Pete Johnson, thereby excluding them from any wrecker business of the type in question.

Plaintiffs also allege this practice has an effect on interstate commerce because some of the towing originated on an interstate highway. Additionally, some necessary repair parts for the towed vehicles are transported across state lines. Plaintiffs fail to make allegations relating to price fixing, nor do they allege how the situation in Walker County has hindered competition among wrecker drivers in the County.

### Federal Civil Rights Act

Assuming, arguendo, Plaintiffs' allegations are accepted as true, Plaintiffs still have failed to state a claim under 42 U.S.C. § 1983. In *Durham v. Jones*, 698 F.2d 1179 (11th Cir.1983), a case strikingly similar to the one at bar, the Court stated that:

> [i]n order to have a property interest within the protection of procedural due process, a person must have more than an abstract need or desire for a particular benefit ... (citations omitted) While absence of a contractual right to employment does not preclude the existence of a property interest, plaintiff must show a mutually recognized entitlement, as opposed to a unilateral expectation of a benefit, to establish the existence of a

property interest. (citations omitted) The district court found that Sheriff Jones has never listed plaintiff's service and has not used his wrecker service. Consequently, Durham's interest constitutes a unilateral expectation. Sheriff Jones' decision has only affected Durham's ability to receive business from the Walker County sheriff's department and has not affected either Durham's right to operate a towing service or his ability to perform this service for other law enforcement agencies.

698 F.2d at 1181. Since Plaintiffs' allegations in this case only evidence a unilateral expectation of a benefit, Plaintiffs have failed to state a claim. Accordingly, Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) must be GRANTED.

### Sherman Act & Clayton Act Claims

■ Similarly, Plaintiffs have failed to state a claim under either the Sherman or Clayton Acts. The principle difficulty with these allegations is that Plaintiffs have failed to allege the requisite effect on interstate commerce. It is a well established principle that a claim brought pursuant to the Sherman or Clayton Act must relate to activities that substantially affect interstate commerce. *Woolen v. Surtran Taxicabs*, 461 F.Supp. 1025, 1033 (N.D.Tex. 1978). Plaintiffs claim interstate commerce is affected since some of the towing originated on an interstate highway. This tenuous allegation is insufficient to sustain a claim under the Sherman or Clayton Acts. *See Boro Hall Corp. v. General Motors Corp.*, 130 F.2d 196 (2d Cir.1942) *cert. denied*, 317 U.S. 695, 63 S.Ct. 436, 87 L.Ed. 556; *Woolen v. Surtran Taxicabs*, 461 F.Supp. 1025 (N.D.Tex.1978).

Finally, it does not appear this is the type of activity the Federal Antitrust Laws are intended to reach due to the intra-state nature of the activities complained of. *See Foster v. Maryland State Savings and Loan Association*, 590 F.2d 928 (D.C.Cir. 1978), *cert. denied* 439 U.S. 1071, 99 S.Ct. 842, 59 L.Ed.2d 37 (1979).

For these reasons, Defendants' motions to dismiss Plaintiffs' Sherman and Clayton Act claims is GRANTED.

### Robinson Patman Act

### Robinson Patman Price Discrimination Act

■ A careful reading of Plaintiffs' complaint demonstrates that these claims also must fail. There are no allegations relating to any cause of action under these Acts. Plaintiffs' claims under these Acts must be DISMISSED.

### State Claims

Since all federal claims under which this Court may assume subject matter jurisdiction have been dismissed, this Court declines to exercise pendent jurisdiction over any state claims alleged.

For the reasons set out above, it is ORDERED, ADJUDGED, and DECREED that this action be DISMISSED in its entirety.

This is a FINAL JUDGMENT.