**Gaetano J. RUGGIERO, Jr. d/b/a Iberville Bonding Service**

v.

**Elmer LITCHFIELD, et al.**

**Civ. A. No. 88–155–B.**

United States District Court,
M.D. Louisiana.

Sept. 13, 1988.

L. Phillip Canova, Jr., Plaquemine, La., for plaintiff.

Leu Ann Lester Greco, Greco & Greco, Baton Rouge, La., for defendants.

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

Gaetano J. Ruggiero, Jr. d/b/a Iberville Bonding Service filed this suit under the federal anti-trust laws against Elmer Litchfield, Sheriff of East Baton Rouge Parish, and the East Baton Rouge Parish Sheriff's office.

Defendants have now moved for summary judgment. Defendants contend that their motion for summary judgment should be granted because the plaintiff has failed to offer the requisite evidence to establish: (1) a conspiracy; (2) unreasonable restraint of trade; (3) the effect of the defendants' actions on interstate commerce; (4) the Sheriff's intent to monopolize; and, (5) predatory or anti-competitive conduct. The defendants also contend that the East Baton Rouge Parish Sheriff's office is not a legal entity capable of being sued. For reasons set out below, the Court finds that defendants' motion for summary judgment should be granted.

The facts of this case are not in dispute. The Sheriff of East Baton Rouge Parish issued a memorandum on March 6, 1987 to all bail bond companies setting forth the policies and procedures for bail bondsmen. The memorandum stated in part that "[n]o preferential treatment will be afforded any professional bonding company, or any employee thereof, by any Deputy and the promotion or recommendation of any bonding company by an employee of this office is prohibited." The regulations also noted that bondsmen could not use the official Sheriff's office telephones for the conduct of business and that pay telephones were provided for this purpose. The Sheriff of East Baton Rouge Parish posted copies of the yellow page listings of bail bond services in the Baton Rouge telephone book on the bulletin board in the central booking area of the downtown jail. The posting of the listings continued until March 23, 1988. Currently, the inmates are given the telephone book upon request in order to call a bonding agent. Plaintiff, who is the owner of the Iberville Bonding Service, asked a Sheriff's employee whether he could post his business card on the bulletin board. The Sheriff refused this request.

Plaintiff alleges that the Sheriff unfairly discriminated against him in refusing to allow his card to be posted on the Sheriff's bulletin board in the downtown jail. As a result, plaintiff contends that he is entitled to recover damages under the Sherman Anti-Trust Act, 15 U.S.C. § 1, et seq. and the Clayton Act, 15 U.S.C. §§ 12–27.

The Sherman Anti-Trust Act and the Clayton Act regulate only those activities which substantially affect interstate commerce. In *Alabama Homeowners, Inc. v. Findahome Corp.*, 640 F.2d 670, 673 (5th Cir.1981) the Fifth Circuit stated that "[i]t must be remembered that the absence of substantial interstate commerce does not simply make a case less worthy of consideration by federal courts, it renders those courts powerless to act irrespective of the presence or absence of a meritorious claim." The burden is on the plaintiff to

introduce evidence of the interstate impact of the defendant's activities. Plaintiff has offered no such evidence. In fact, the only evidence presented on this issue was offered by the defendant who submitted the affidavit of Captain Brent Bonnette. Captain Bonnette stated that "prisoners bonding out of the East Baton Rouge Parish downtown jail do not procure bail bonds from out of state bondsmen." In *Walker County Wrecker and Storage Association v. Walker County*, 604 F.Supp. 28 (S.D. Tex.1984), the plaintiff charged that the Sheriff of Walker County had violated the Sherman and Clayton Acts by referring all official wrecker business to a single wrecker. The district court dismissed the suit due to plaintiff's failure to show the interstate nature of the violation. This Court is compelled to do the same under the facts of this case. Because the Court has found that the plaintiff has failed to introduce evidence of interstate commerce, it is not necessary to consider the other reasons for the defendants' motion for summary judgment. However, the March 6, 1987 memorandum posted by Sheriff Elmer B. Litchfield, which is attached to the opposition filed by the plaintiff, fails to show any preferential treatment by the Sheriff in favor of any party. Furthermore, there is no evidence of any conspiracy or monopoly on the part of the Sheriff. The evidence does show that the policy of the Sheriff is to afford "no preferential treatment" to any professional bonding company. Such a policy does not violate the Sherman Anti-Trust Act or the Clayton Act.

Finally, the Court finds that the East Baton Rouge Parish Sheriff's office is not a legal entity which may be sued.

Therefore:

IT IS ORDERED that defendants' motion for summary judgment be and it is hereby GRANTED.

Judgment shall be entered dismissing plaintiff's suit with prejudice.