

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 1, 2006

The Honorable Eddie Arredondo
Burnet County Attorney
Burnet County Courthouse
220 South Pierce
Burnet, Texas 78611

Opinion No. GA-0424

Re: Use of county jail inmate labor on projects for nonprofit organizations (RQ-0406-GA)

Dear Mr. Arredondo:

You ask two questions relating to the use of county jail inmate labor on projects for nonprofit organizations.[1] You ask first whether "a county sheriff operating" a work program for which certain defendants may volunteer under article 43.101(a) of the Code of Criminal Procedure must "follow the new provisions under . . . [article] 43.10(4) . . . when working" the inmates on projects for nonprofit organizations. Request Letter, *supra* note 1, at 1; *see also* TEX. CODE CRIM. PROC. ANN. arts. 43.10(4), .101(a) (Vernon Supp. 2005). You ask second whether "outside of" article 43.10 a county sheriff has "legal authority to use [county] jail inmate trustees on any projects, including those for nonprofit organizations." Request Letter, *supra* note 1, at 1.

Article 43.101(a) permits defendants awaiting trial or convicted defendants awaiting transfer to the Texas Department of Criminal Justice's institutional division to voluntarily participate in "any work program operated by the sheriff that uses the labor of convicted defendants." TEX. CODE CRIM. PROC. ANN. art. 43.101(a) (Vernon Supp. 2005); *see also id.* art. 43.101(b) (authorizing a sheriff to accept as a volunteer only defendants who have not engaged in or are not accused of engaging in violent behavior); TEX. GOV'T CODE ANN. § 498.003(e) (Vernon 2004) (requiring the Texas Department of Criminal Justice to award good conduct time to a defendant who diligently participates in a "voluntary work program operated by a sheriff under Article 43.101, Code of Criminal Procedure"). Three statutes, other than article 43.101, recognize the establishment of county programs in which a defendant may perform work: articles 43.09 and 43.10 of the Code of Criminal Procedure and section 351.201 of the Local Government Code. *See* TEX. CODE CRIM. PROC. ANN. arts. 43.09(a), .10 (Vernon Supp. 2005); TEX. LOC. GOV'T CODE ANN. § 351.201(a) (Vernon 1999).

---

[1]*See* Letter from Honorable Eddie Arredondo, Burnet County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Oct. 18, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

First, under article 43.10, certain convicted defendants may be required to work in a county jail industries program or to perform manual labor:

> Where the punishment assessed in a conviction for misdemeanor is confinement in jail for more than one day, or where in such conviction the punishment is assessed only at a pecuniary fine and the party so convicted is unable to pay the fine and costs adjudged against him, or where the party is sentenced to jail for a felony or is confined in jail after conviction of a felony, the party convicted shall be required to work in the county jail industries program or shall be required to do manual labor in accordance with the provisions of this article . . . .

TEX. CODE CRIM. PROC. ANN. art. 43.10 (Vernon Supp. 2005). Article 43.10 further authorizes a county to construct a "workhouse" and establish a "county farm" to utilize convicted defendants' labor, *id.* art. 43.10(1), and subsection (4) specifies the type of labor that defendants may perform under article 43.10:

> [Convicted defendants] shall be put to labor upon public works and maintenance projects, including public works and maintenance projects for a political subdivision located in whole or in part in the county. They may be put to labor upon maintenance projects for a cemetery that the commissioners court uses public funds, county employees, or county equipment to maintain . . . . They may also be put to labor providing maintenance and related services to a nonprofit organization that qualifies for a tax exemption under Section 501(a), Internal Revenue Code of 1986, as an organization described by Section 501(c)(3) of that code, and is organized as a nonprofit corporation under the Texas Non-Profit Corporation Act . . . , provided that, at the sheriff's request, the commissioners court determines that the nonprofit organization provides a public service to the county or to a political subdivision located in whole or in part in the county.

*Id.* art. 43.10(4).

Second, while article 43.09 does not authorize a county to establish a work program, subsection (a) permits defendants who cannot pay assessed fines to pay the fine by working:

> When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine or is confined in a jail after conviction of a felony for which a fine is imposed, if he is unable to pay the fine and costs adjudged against him, he may . . . work in the county jail industries program, in the workhouse, or on the county

> farm, or public improvements and maintenance projects of the county
> or a political subdivision located in whole or in part in the county, as
> provided in [article 43.10] . . . .

*Id.* art. 43.09(a). To the extent article 43.09 does not specifically authorize the establishment of a work program, it incorporates article 43.10. *See id.* ("as provided in the succeeding article").

And third, section 351.201 of the Local Government Code expressly authorizes a county commissioners court "by order" to "establish a county jail industries program" to, among other things, produce "articles and products" to be distributed to "nonprofit organizations that provide services to the general public and enhance social welfare and the general well-being of the community." TEX. LOC. GOV'T CODE ANN. § 351.201(a), (b)(3)(B) (Vernon 1999). In the order establishing the county jail industries program, a commissioners court shall, with the sheriff's approval, designate the county official or officials responsible for managing the program and for determining which inmates may participate in the program. *Id.* § 351.201(c); *see also id.* § 351.201(d) (stating that the commissioners court's order may provide for, among other things, an advisory committee and procedures for determining the sale price for county jail industry products). The program "may be operated at the county jail, workfarm, or workhouse or at any other suitable location." *Id.* § 351.201(e).

You believe that the reference to a work program in article 43.101(a) refers to programs that article 43.10 recognizes: a county jail industries program established under section 351.201, Local Government Code, or a manual labor program established under article 43.10. *See* Request Letter, *supra* note 1, at 1; *supra* at p. 2 (laying out article 43.10). In your view, article 43.101 thus "expands the pool of potential jail inmates who may be trustees from those that are convicted of offenses and required to work" under article 43.10 to include those who volunteer under article 43.101(a). Request Letter, *supra* note 1, at 1. In addition, as you see it, those who volunteer under article 43.101(a) may work for a nonprofit organization only if the commissioners court has determined that the organization provides a public service to the county or to a political subdivision located in the county. *See id.*

You indicate that the Sheriffs' Association of Texas holds a "second line of thought," however. *Id.* You relate the Sheriffs' Association's view:

> Their belief is that [articles] 43.10 and . . . 43.101 are separate and
> unrelated statu[t]es. Since [Attorney General Opinion] GA-0261 and
> H.B. 129 of the 79th Texas Legislature refer to [article] 43.10 only,
> volunteer jail inmate trustees under [article] 43.101 may work on
> projects for nonprofit organizations without the involvement of a
> county commissioners[] court. Further, because [article] 43.101 gives
> no specific guidance or reference to what constitutes a "work program
> operated by the sheriff," a county sheriff may create any type of
> volunteer work program he/she deems appropriate for persons
> awaiting trial or transfers to [the Texas Department of Criminal

Justice], including one [that] allows the work for nonprofit organizations without the involvement of a county commissioners[] court.

*Id.* at 1–2. You ask us to resolve the difference of opinion.

Attorney General Opinion GA-0261, issued in 2004, determined that article 43.10(4), as it existed at that time, did not "authorize a county to use inmate labor on fund[-]raisers that are a joint venture between a county and nonprofit agency." Tex. Att'y Gen. Op. No. GA-0261 (2004) at 3. At that time, article 43.10(4) stated only that inmates "shall be put to labor upon public works and maintenance projects, including public works and maintenance projects for a political subdivision located in whole or in part in the county." *See* Act of May 20, 1993, 73d Leg., R.S., ch. 578, § 3, 1993 Tex. Gen. Laws 2188, 2190, *amended by* Act of May 26, 2005, 79th Leg., R.S., ch. 1187, § 1, 2005 Tex. Gen. Laws 3901, 3901–02. House Bill 129, which the legislature adopted in 2005, directly responded to Attorney General Opinion GA-0261 by "explicitly authorizing the use of offender labor for . . . nonprofit organizations" after the commissioners court has made certain requisite findings. HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. H.B. 129, 79th Leg., R.S. (2005); *see* Act of May 26, 2005, 79th Leg., R.S., ch. 1187, § 1, 2005 Tex. Gen. Laws 3901, 3901–02. The bill sought to ensure that labor would be used only to serve a public purpose "by requiring that a nonprofit organization be recognized by federal and state law as a nonprofit and by requiring county commissioners to determine that the organization provided a public service to the county or a local political subdivision." HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. H.B. 129, 79th Leg., R.S. (2005) As you aver, neither Attorney General Opinion GA-0261 nor House Bill 129 refers to article 43.101. *See* Request Letter, *supra* note 1, at 1 (stating that the opinion and the bill "refer to [article] 43.10 only").

The powers of a commissioners court and a sheriff are similar in that each may exercise only those powers that the state constitution and statutes confer, either explicitly or implicitly. *Compare* TEX. CONST. art. V, § 18 (providing that a county commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State"); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003) (stating that a commissioners court may exercise only those powers expressly given by either the Texas Constitution or the Legislature), *with* TEX. CONST. art. V, § 23 (stating that a sheriff's "duties . . . shall be prescribed by the Legislature"); *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941) (stating that a sheriff lacks authority to enter a contract unless the sheriff is "specially so authorized to do by statute"); *Fort Bend County Wrecker Ass'n v. Wright*, 39 S.W.3d 421, 425–26 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (determining that a sheriff may make reasonable rules to assist in executing the sheriff's statutory authority to make nonconsensual tows, but has no power to make ordinances).

A county or a sheriff has authority to establish a work program only under article 43.10 of the Code of Criminal Procedure or section 351.201 of the Local Government Code. Article 43.101, which refers to a "work program operated by the sheriff," does not itself authorize a county or a sheriff to establish a work program. *See* TEX. CODE CRIM. PROC. ANN. art. 43.101 (Vernon Supp. 2005).

Construing the phrase "work program" in article 43.101(a) to refer only to a county jail industries program or a manual labor program recognized in articles 43.09 and 43.10 appears consistent with the legislative history of the 1989 bill that, when adopted, added article 43.101 to the Code of Criminal Procedure.[2] *See* Act of May 22, 1989, 71st Leg., R.S., ch. 753, § 3, 1989 Tex. Gen. Laws 3336, 3337–38. This 1989 bill proposed a package of amendments to articles 43.09 and 43.10 and the addition of article 43.101. *See id.* The stated purpose of the bill appears in relevant part to have been to allow pretrial detainees to participate in the work programs already available to county jail inmates under article 43.10. *See* HOUSE COMM. ON COUNTY AFFAIRS, BILL ANALYSIS, Tex. H.B. 1312, 71st Leg., R.S. (1989); *see also* HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. H.B. 1312, 71st Leg., R.S. (1989). Nothing in the printed legislative history evidences an intent to authorize a county to establish a work program separate from those to which article 43.09 or article 43.10 refer.

We consequently conclude that a county or the county sheriff may operate only a county jail industries program under section 351.201 of the Local Government Code or a manual labor work program under article 43.09 or 43.10 of the Code of Criminal Procedure. For that reason, in answer to your first question, we conclude that defendants who volunteer under article 43.101 to perform manual labor may work for a nonprofit organization only if, in accordance with article 43.10(4) and article 43.09 by incorporation, (1) the nonprofit organization is tax exempt under section 501(c)(3) of the Federal Internal Revenue Code of 1986 and (2) "at the sheriff's request, the commissioners court" has "determine[d] that the nonprofit organization provides a public service to the county or to a political subdivision located" wholly or partly in the county. TEX. CODE CRIM. PROC. ANN. art. 43.10(4) (Vernon Supp. 2005). Similarly, if an inmate volunteers under article 43.101 to work in a county jail industries program established under section 351.201 of the Local Government Code and recognized in articles 43.09 and 43.10, the program may produce goods only for "nonprofit organizations that provide services to the general public and enhance social welfare and the general well-being of the community." TEX. LOC. GOV'T CODE ANN. § 351.201(b)(3)(B) (Vernon 1999). Our interpretation ensures that inmates work only on projects that benefit the public, not private projects that serve only private purposes.

And in answer to your second question, we conclude that a sheriff's only authority to operate a work program is that provided by article 43.09 or 43.10, Code of Criminal Procedure, or section 351.201, Local Government Code. Thus, a sheriff may not "use jail inmate trustees on . . . projects . . . for nonprofit organizations" except through a work program operated consistently with article 43.09 or 43.10 or a county jail industries program operated consistently with an order entered under section 351.201.

_____

[2]Section 351.201 of the Local Government Code was not adopted until 1993. *See* Act of May 20, 1993, 73d Leg., R.S., ch. 578, § 1, 1993 Tex. Gen. Laws 2188, 2188–89.

## S U M M A R Y

The phrase "work program" as used in article 43.101(a) of the Code of Criminal Procedure refers to a county jail industries program or other work program that a county has established under article 43.10 of the Code of Criminal Procedure or section 351.201 of the Local Government Code. A sheriff may operate a work program only as authorized by articles 43.09 and 43.10, Code of Criminal Procedure, and section 351.201, Local Government Code. Accordingly, defendants who volunteer for a work program under article 43.101 may perform work or produce goods for a nonprofit organization only if the organization complies with article 43.10(4) or section 351.201(b)(3)(B). Conversely, a sheriff may not "use jail inmate trustees on . . . projects . . . for nonprofit organizations" except through a work program operated consistently with article 43.09 or 43.10 or a county jail industries program operated consistently with an order entered under section 351.201.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee