ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 22, 2011

The Honorable Robert Henneke
Kerr County Attorney
County Courthouse, Suite BA-103
700 Main Street
Kerrville, Texas 78028

Opinion No. GA-0901

Re: Sheriff's use of the county jail commissary
fund to train inmates to perform certain activities
(RQ-0981-GA)

Dear Mr. Henneke:

You inquire about a sheriff's use of the county jail commissary fund to train inmates to perform certain activities. Specifically, you ask:

> 1.   Would a sheriff's expenditure of commissary proceeds to teach jail inmates to build and maintain a water catchment system to be used to irrigate the jail's inmate garden operated as part of the sheriff's work program qualify as a permitted expenditure pursuant to Tex. Local Gov't Code § 351.0415(c)?
>
> 2.   Would a sheriff's expenditure of commissary proceeds to pay for training and materials for energy efficient renovations to the county jail in connection with an apprenticeship skills training program for inmates qualify as a permitted expenditure pursuant to Tex. Local Gov't Code § 351.0415(c)?[1]

Because the answers to your questions require a similar analysis in each case, we will discuss those questions together.

You describe the kind of program contemplated by the sheriff as follows:

> The Kerr County Sheriff operates a work program whereby inmates volunteer to labor and receive credit from the county sentence they are serving. . . .[2]

---

[1]Letter and Brief from Honorable Robert Henneke, Kerr County Attorney, to Honorable Greg Abbott, Attorney General of Texas (June 24, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter" and "Brief" respectively).

[2]See TEX. CODE CRIM. PROC. ANN. art. 43.10 (West Supp. 2011).

> The Kerr County Sheriff operates an inmate garden as part of this work program. . . . The Sheriff has recruited several certified "Master Gardeners" who volunteer their time overseeing the gardening and teaching inmates horticulture skills. . . . [The] Sheriff's garden program benefits the recreational, well-being, and health needs of the inmates who participate by allowing them to be outside and to be able to exercise through the work performed. . . .
>
> Kerr County has a local business specializing in water catchment system construction that has expressed interest as part of an apprenticeship program . . . . The concept of this apprenticeship program would be to train and educate inmates in "green" technologies.
>
> While the hands-on labor would be provided by participating inmates, Kerr County proposes to pay for the parts and materials, expertise of the local business to oversee the project, and training of the inmates by the local business out of commissary proceeds . . . .

Brief at 1–2 (citation omitted) (footnote added).

The sheriff of each county is the "keeper of the county jail." TEX. LOC. GOV'T CODE ANN. § 351.041(a) (West 2005). The sheriff or his designee "may operate, or contract with another person to operate, a commissary for the use of the inmates committed to the county jail." *Id.* § 351.0415(a). The sheriff or his designee "has exclusive control of the commissary funds." *Id.* § 351.0415(b)(1). *See generally* Tex. Att'y Gen. Op. No. GA-0814 (2010). Commissary proceeds may be used only to do the following, in relevant part:

> (1) fund, staff, and equip a program addressing the social needs of the inmates, including an educational or recreational program and religious or rehabilitative counseling; . . . or
>
> . . . .
>
> (5) fund physical plant improvements, technology, equipment, programs, services, and activities that provide for the well-being, health, safety, and security of the inmates and the facility.

TEX. LOC. GOV'T CODE ANN. § 351.0415(c) (West 2005). Thus, pursuant to the terms of section 351.0415(a), "the commissary fund must be used to benefit inmates of the county jail." Tex. Att'y Gen. Op. No. GA-0791 (2010) at 2. Moreover, a commissioners court "may not use commissary proceeds to fund the budgetary operating expenses of a county jail." TEX. LOC. GOV'T CODE ANN. § 351.0415(g) (West 2005).

As you indicate, while the control of commissary funds is well established, "interpretation of what commissary profits and proceeds may be spent for remains undeveloped." Brief at 3. The Sheriff who is the subject of your request "asserts that its proposed apprenticeship program meets the criteria of TEX. LOCAL GOV'T CODE § 351.0415(c) so as to authorize expenditure of commissary proceeds to pay for the parts, material, and training for the 'green' projects and energy efficient skills to be taught to jail inmates." Brief at 4. Furthermore, he declares that such "programs would be educational for the inmates [and] provide programs and services providing for the well-being and health of the inmates . . . to (1) earn credit towards their sentence through the sheriff's work program . . . ; (2) learn a job skill applicable once released; and (3) enjoy the benefit of exercise through productive work." *Id.*

The described expenditures appear to fall within the category of an "educational program," as well as the funding of "equipment, programs, services, and activities that provide for the well-being, health, safety, and security of the inmates of the facility." However, based solely on the facts presented in your request, we cannot so conclude as a matter of law. Because the Sheriff has exclusive control of the commissary funds, and specific authority to "use commissary proceeds only" for statutory purposes, we conclude that the Sheriff is authorized to initially determine that these programs fall within the ambit of section 351.0415(c), subject to judicial review of the Sheriff's determination under an abuse of discretion standard. *Cf. Fort Bend Cnty. Wrecker Ass'n v. Wright,* 39 S.W.3d 421, 425–26 (Tex. App.—Houston [1st Dist.] 2001, no pet) (concluding that a sheriff "has the power to make and enforce rules, regulations, and policy").

## S U M M A R Y

A county sheriff controls the county jail commissary fund, and as a result, the sheriff must make the initial determination, subject to judicial review, as to whether proceeds from the fund may be used for particular purposes. The proceeds may be used only to fulfill one of the five purposes described in section 351.0415(c) of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee