ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 15, 2013

The Honorable Seth C. Slagle
Clay County Attorney
Post Office Drawer 449
Henrietta, Texas   76365-0449

Opinion No.  GA-0994

Re:   Whether a sheriff must submit an office policy manual to the county commissioners court for approval   (RQ-1087-GA)

Dear Mr. Slagle:

You ask whether a sheriff must produce an office policy manual to the county commissioners court for their approval or rejection.[1]

County commissioners and the county sheriff are all elected constitutional officers. *See* TEX. CONST. art. V, § 18(b) (establishing a county commissioners court for each county); *id.* art. V, § 23 (establishing the office of sheriff). A county commissioners court has only the powers that the Texas Constitution or a state statute confer on it. TEX. CONST. art. V, § 18(b); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). A commissioners court also has the implied authority to exercise the power necessary to accomplish its constitutional and statutory duties. *City of San Antonio,* 111 S.W.3d at 28. Powers conferred by the Legislature on counties and commissioners courts, however, should be viewed as duties rather than privileges. *Id.*

The commissioners court's primary function is to administer the county's business affairs. *Id.* at 27. The county and the commissioners court are not synonymous, however: "[T]he County Commissioners Court is not charged with the management and control of *all* of the County's business affairs. Each of the [county's] various elected officials . . . has the sphere that is delegated to him by law and within which the Commissioners Court may not interfere or usurp." *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961) (emphasis added). An elected county official's exclusive sphere of authority consists of the officer's core duties under the Texas Constitution and statutes. *See Griffin v. Birkman*, 266 S.W.3d 189, 197 (Tex. App.—Austin 2008, pet. denied).

Like a commissioners court, a sheriff's powers derive from our constitution and statutes. *See* TEX. CONST. art. V, § 23 (providing for the Legislature to prescribe a sheriff's "duties,

---

[1]Letter and Brief from Honorable Seth C. Slagle, Clay Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Sept. 28, 2012), http:// www.texasattorneygeneral.gov/opin ("Request Letter" & "Brief").

qualifications, perquisites, and fees of office"). A sheriff's principal duties include enforcing the law in the county and keeping the county jail. TEX. LOC. GOV'T CODE ANN. § 351.041 (West 2005); TEX. CODE CRIM. PROC. ANN. art. 2.17 (West 2005).

No statute of which we are aware authorizes a commissioners court to approve or reject the office policy manual of an elected county official. To the contrary, "a Texas Sheriff has the power to make and enforce rules, regulations, and policy [and has] the 'authority to define objectives and choose the means of achieving them.'" *Fort Bend Cnty. Wrecker Ass'n v. Wright*, 39 S.W.3d 421, 425–26 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citations omitted); *see also Turner v. Upton County*, 915 F.2d 133, 136 (5th Cir. 1990). Elected county officials such as a sheriff hold "'virtually absolute sway over the particular tasks or areas of responsibility entrusted to [them] by state statute.'" *Hooten v. Enriquez*, 863 S.W.2d 522, 531 (Tex. App.—El Paso 1993, no writ) (quoting *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980)). A court would likely conclude that creation of an internal sheriff's office policy manual is an "area of responsibility entrusted to [the sheriff]" over which the sheriff has "virtually absolute sway." *Id.* As a result, a court would likely determine that the county commissioners court is not authorized to approve or disapprove of the sheriff's office policy manual.[2]

_____

[2]The sheriff's letter attached to your request further asks which policy should prevail should the sheriff's policy conflict with county policy established by the commissioners court. Letter from Honorable K.R. "Kenny" Lemons, Clay Cnty. Sheriff, to Honorable Seth C. Slagle, Clay Cnty. Att'y at 2 (Sept. 13, 2011) (attached to Request Letter). The answer would require an analysis of the specific subject of the policies to determine whether, under the facts and applicable law, the sheriff or the commissioners court possesses final policymaking authority.

## S U M M A R Y

A court would likely determine that the county commissioners court is not authorized to approve or disapprove of the sheriff's office policy manual.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee