

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 14, 2015

The Honorable Paige Williams
97th Judicial District Attorney
Archer, Clay, and Montague Counties
Post Office Box 55
Montague, Texas 76251-0055

Opinion No.   KP-0035

Re:   Disposition of a dissolved municipality's
remaining assets (RQ-0015-KP)

Dear Ms. Williams:

You ask about the disposition of a dissolved municipality's remaining assets.[1] You state that the City of Sunset, Texas (the "City") was a Type A general-law municipality when the voters elected to abolish the City in 2007. Request Letter at 1. You further tell us that when the City was abolished, the members of the city council remained in office under section 62.161 of the Local Government Code to liquidate City assets, collect ad valorem taxes, and pay down municipal debts. *Id.* You inform us that the City paid all of its debts by the end of the 2014 tax year and has a balance of about $10,000 in its accounts. *Id.* You state that the City also has interests in substantial civil and criminal judgment debt, so that the City controls assets that may total approximately $165,000. *Id.* at 1–2. You ask "whether the City may pay its remaining assets and assign its interests in the described judgments to . . . local not-for-profit corporations which directly benefit its citizens, or, if not, then to whom must it pay its remaining assets and assign its interest in the described judgments?" *Id.* at 3.

Chapter 62 of the Local Government Code authorizes the abolishment of general-law municipalities by petition and election. TEX. LOC. GOV'T CODE ANN. §§ 62.001–.204 (West 2008). In particular circumstances, the affairs of an abolished municipality may be administered either by municipal officers, a court-appointed receiver, court-appointed trustees, or the commissioner's court.[2]

---

[1]Letter from Honorable Paige Williams, Dist. Att'y, 97th Jud. Dist., to Honorable Ken Paxton, Tex. Att'y Gen. at 2–3 (Mar. 3, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]*See* TEX. LOC. GOV'T CODE ANN. §§ 62.041–.094 (West 2008) (governing a receivership initiated by application of dissolved municipality's creditor), .123 (authorizing a commissioners court to manage and control an abolished municipality's "public buildings, public parks, public works, or other public property . . . for the purposes for which the property was originally used and intended" in certain circumstances), .161 (requiring administration by municipal officers), .162 (authorizing the appointment of trustees when an abolished municipality's officers fail or refuse to settle its affairs under section 62.161).

The only statute in chapter 62 that expressly addresses the final disposition of an abolished municipality's assets is subsection 62.094(c), located in the subchapter concerning municipal receiverships. *Id.* § 62.094(c); *see generally id.* §§ 62.081–.094 (subchapter C). Subsection 62.094(c) requires a court-appointed receiver to deliver money or other remaining property to any school district that is "located completely within the boundaries of the abolished municipality" or, if there is no such school district, to the municipality's county to be used for the county's benefit. *Id.* § 62.094(c). Subsection 62.094(c) expressly applies to a receiver appointed under subchapter C but does not indicate that the subsection also applies to other entities administering an abolished municipality's assets under a different subchapter. Because the City's assets are not in receivership under subchapter C, but are being administered by its former municipal officers under subchapter E, subsection 62.094(c) does not control such officers' final disposition of the City's remaining assets. *Compare id.* §§ 62.081–.094 (subchapter C, "Payment of Indebtedness and Disposition of Assets under Receivership"), *with id.* §§ 62.161–.163 (subchapter E, "Payment of Indebtedness and Disposition of Assets by Corporate Officers or Trustees"). While subsection 62.094(c) does not expressly apply to final dispositions by municipal officers, it does, however, suggest a general legislative intent that the remaining assets of an abolished municipality be used for a local public purpose.

Section 62.161 is the only statute that expressly addresses the authority of municipal officers such as the City's former council members when they administer the affairs of an abolished municipality. *Id.* § 62.161; *see id.* § 62.001 (authorizing abolition of corporate existence). Section 62.161 provides:

> (a) If a municipality or de facto municipality that has indebtedness outstanding is abolished, declared void by a court of competent jurisdiction, or ceases to operate and exercise municipal functions, the municipality's officers at the time the municipality is dissolved or ceases to function shall:
>
> (1) take control of the municipality's property;
>
> (2) sell and dispose of the municipality's property; and
>
> (3) settle the debts owed by the municipality.
>
> (b) For the purpose of settling the debts of the municipality, the former municipal officers may levy and collect a tax on the residents of the municipality in the same manner as the municipality could have done.

*Id.* § 62.161(a)–(b). Neither section 62.161 nor any other provision in chapter 62 expressly addresses municipal officers' authority to make a final disposition of an abolished municipality's assets. But section 62.161's grant of authority to municipal officers to "dispose of the municipality's property" necessarily includes the authority to dispose of the City's property that remains after settlement of debts. *Id.* § 62.161(a)(2). "When a grant of power is given by a statute, the statute must be construed to include the reasonable authority necessary to attain the end result."

*Fort Bend Cnty. Wrecker Ass'n v. Wright*, 39 S.W.3d 421, 425 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *accord Bullock v. Calvert*, 480 S.W.2d 367, 372 (Tex. 1972) (stating that courts "imply the authority to do those acts necessary to achieve the power or object expressly granted, because the Legislature must have intended to grant the constituent details within the larger commission").

While section 62.161 authorizes municipal officers to dispose of an abolished municipality's remaining assets without specifying the kinds of dispositions that are permissible, such assets retain their character as public property. The Texas Constitution requires that the disposition of public funds or property must serve a public purpose, not merely a private interest. *See* TEX. CONST. art. III, § 52; *id.* art. XI, § 3. Moreover, municipalities may expend or transfer municipal funds or property only to serve public purposes that are within the municipality's powers, not merely to benefit the public in general. *See State ex rel. Grimes Cnty. Taxpayers Ass'n v. Tex. Mun. Power Agency*, 565 S.W.2d 258, 265 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ dism'd) (stating that to satisfy the public purpose test for a particular governmental entity, "[t]he purpose for which the . . . payment . . . was made must be within the powers of the entity . . . making the payment"); *see also Davis v. City of Taylor*, 67 S.W.2d 1033, 1034 (Tex. 1934) (explaining that a payment is considered to serve a public purpose if "an object is beneficial to the inhabitants and directly connected with the local government"); Tex. Att'y Gen. Op. Nos. GA-0894 (2011) at 3 (stating that "the public purpose to be served by the grant must be an authorized public purpose of the granting entity"), JM-1255 (1990) at 3 (determining that "municipal resources and powers . . . must be used to accomplish municipal purposes"). While no judicial opinion has addressed the issue, a court could require that a disposition of an abolished municipality's remaining assets under section 62.161 serve not only a public purpose, but a purpose within the powers of a municipality. Accordingly, a court is unlikely to disturb the final disposition of the assets of an abolished municipality if former municipal officers, acting under section 62.161 of the Local Government Code, transfer the remaining municipal assets to a nonprofit corporation to serve a local public purpose that was within the municipality's powers prior to its abolition.

## S U M M A R Y

A court is unlikely to disturb the final disposition of the assets of an abolished municipality if former municipal officers, acting under section 62.161 of the Local Government Code, transfer the remaining municipal assets to a local nonprofit corporation to serve a local public purpose that was within the municipality's powers prior to its abolition.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee