

February 17, 2015

The Honorable Jim Wheeler
Wood County Criminal District Attorney
Post Office Box 689
Quitman, Texas 75783

Opinion No. KP-0003

Re: Whether a county sheriff may solicit and receive public donations for programs of the sheriff's department (RQ-1214-GA)

Dear Mr. Wheeler:

You explain that the "Wood County Sheriff is attempting to raise funds to purchase a side scanning sonar for use in its lake patrol program."[1]  Brief at 1.  Because the Wood County Commissioners Court has not budgeted funds for the purchase of any additional program equipment, it has passed a resolution authorizing it to "accept donations from donors for the Wood County Sheriff's Department Lake Patrol Program."[2]  You ask whether the county sheriff may solicit and receive donations to be used for this program.  Request Letter at 1.

Your first question asks whether the sheriff may "receive donations *directly*" for the lake patrol program, noting that the sheriff is asking that donations be sent directly to his office.  Brief at 1.[3]  A sheriff may exercise only those powers that the state constitution and statutes confer, either explicitly or implicitly.  TEX. CONST. art. V, § 23 (stating that a sheriff's duties "shall be prescribed by the Legislature"); *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941) (stating that a sheriff lacks authority to contract unless the sheriff is "specially so authorized to do by statute").  No statute authorizes a sheriff to accept donations from the public to the county.

In contrast, section 81.032 of the Local Government Code provides that "[t]he commissioners court may accept a gift, grant, donation, bequest, or devise of money or other property on behalf of the county for the purpose of performing a function conferred by law on the county or a county officer."  TEX. LOC. GOV'T CODE ANN. § 81.032 (West 2008).  Once the

---

[1] *See* Letter and Brief from Honorable Jim Wheeler, Wood Cnty. Crim. Dist. Att'y, to Office of the Att'y Gen. Op. Comm. (Aug. 18, 2014), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" & "Brief").

[2] *See* Request Letter, attachment 1 (Wood County Commissioners Court Resolution #14-13, on file with Op. Comm.).

[3] *See* Request Letter, attachment 2 at 1 (on file with Op. Comm.).

commissioners court has received a donation on behalf of the county, it must deposit the money with the county treasurer. *Id.* § 113.021(a) (West Supp. 2014). The county treasurer disburses and applies money belonging to the county "as required by law and as the commissioners court may require or direct, not inconsistent with law." *Id.* § 113.041(a). Thus, it appears that pursuant to section 81.032, the Legislature intended the commissioners court to be the proper body to receive and accept donations on the county's behalf. Tex. Att'y Gen. Op. No. GA-0229 (2004) at 10 (explaining that "section 81.032 authorizes a commissioners court to accept a donation of property to be used by the sheriff in performing that office's statutory functions"). To the extent that members of the public send donations directly to the sheriff, the sheriff should immediately forward those funds to the commissioners court for proper handling.

Your second question asks whether the sheriff may solicit donations for the lake patrol program. Brief at 1–2. No statute expressly authorizes a sheriff to solicit donations; however, one of the sheriff's principal duties is to enforce the law within the county. TEX. CODE CRIM. PROC. ANN. art. 2.17 (West 2005). By expressly authorizing the sheriff to enforce the law, the Legislature has implicitly given the sheriff any "reasonable authority necessary to attain the end result." *Fort Bend Cnty. Wrecker Ass'n v. Wright*, 39 S.W.3d 421, 425 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Certainly, pursuant to that implicit authority, the sheriff may request from the commissioners court equipment that the sheriff's office needs to enforce the law. *See* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 7 (explaining that in deciding which equipment to purchase for the sheriff's department, the commissioners court may consult with the sheriff).

You question whether the sheriff's conduct in this instance may have violated section 36.08 of the Penal Code. Brief at 2. Section 36.08 provides:

> A public servant in an agency performing regulatory functions or conducting inspections or investigations commits an offense if he solicits, accepts, or agrees to accept any benefit from a person the public servant knows to be subject to regulation, inspection, or investigation by the public servant or his agency.

TEX. PENAL CODE ANN. § 36.08(a) (West 2011). A sheriff is a "public servant" with authority to regulate and investigate the conduct of persons in the sheriff's county, making a sheriff subject to the prohibitions in section 36.08. *Id.* § 1.07(a)(41) (West Supp. 2014) (defining "public servant" as a person elected as an officer of government); TEX. CODE CRIM. PROC. ANN. art. 2.17 (West 2005) ("Each sheriff shall be a conservator of the peace in his county, and shall arrest all offenders against the laws of the State . . . .").

Your question, however, asks for a determination about whether the Wood County Sheriff has engaged in conduct that would violate section 36.08, which is not a question that can be resolved through the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0760 (2010) at 3. Determining whether the sheriff's conduct constituted an illegal solicitation will depend upon questions of fact. In performing its opinion function, this office is not authorized to investigate allegations of illegal conduct, nor does it have the capacity to resolve disputed issues of fact. *See* Tex. Att'y Gen. Op. No. GA-0876 (2011) at 1.

### SUMMARY

Pursuant to section 81.032 of the Local Government Code, the commissioners court is the proper body to receive and accept donations on the county's behalf. To the extent that members of the public send donations to the sheriff, the sheriff should immediately forward those donations to the commissioners court for proper handling.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee
Assistant Attorney General