ALUMINUM COMPANY OF AMERICA, Petitioner,

v.

Winnie BULLOCK, Gwendolyn Bullock, Tamra Bullock Flores, and Deborah Bullock Moreland, Respondents.

No. D–3404.

Supreme Court of Texas.

Jan. 12, 1994.

Rehearing Denied March 9, 1994

Robert M. Roach, Jr., Michael Connelly, Earnest Wotring, and Stephen R. Sulentic, Houston, for petitioner.

Rex Easley, Jr., Victoria, Rob Ramsey, San Antonio, Thomas M. Stanley, Houston, Robert B. Whitaker, Victoria, Larkin Thedford, W.T. McNeil, Glynn McDonald, Edna, Gary Olson, Ganado, James W. Cole, Robert E. Bell, Victoria, for respondents.

GAMMAGE, Justice, delivered the opinion of the Court, in which all Justices join.

Once again this Court faces the question of whether good cause under Rule 215(5) exists to allow the testimony of expert witnesses who were not previously designated by the party calling them. Because the determination of good cause is within the discretion of the trial judge, we review this case under an abuse of discretion standard and hold that no such abuse occurred here. For that reason, we reverse the judgment of the court of appeals and affirm the trial court judgment.

This case arose when a forklift driven by John Bullock overturned, fatally pinning him to the ground. Bullock's survivors brought this action against Aluminum Company of America ("Alcoa") and Eaton Corporation, alleging that Bullock's death resulted from gross negligence in failing to provide seatbelts on the forklift and failing to adequately warn and train Alcoa employees to handle a forklift accident. Eaton Corporation settled with the Bullocks before trial.

In discovery responses, the Bullocks designated a human factors expert, Dr. Lila Laux, whom they eventually called to testify at trial. In her deposition, Laux testified that she did not believe Alcoa to be consciously indifferent to its employees' safety. At trial, however, Laux stated that she had made a post-deposition review of Alcoa's training materials and, as a result, concluded that Alcoa was grossly negligent.

Faced with this material and unanticipated change in the expert's opinion, Alcoa sought to cross-examine Laux by referencing the opinions of experts upon whom Laux had relied and who had previously been designated by the Bullocks. The trial court permitted Alcoa to do so over the Bullocks' objections. The Bullocks waived those objections on appeal.

Later, Alcoa requested the trial court to allow it to introduce in its case-in-chief the testimony of Dr. Kirby and Dr. Entwisle, two other experts designated prior to trial by the Bullocks as well as the co-defendant, Eaton. Both experts had been deposed, giving all parties the opportunity to adequately examine and develop the experts' opinion testimony. The trial court held that good cause was shown and admitted the experts' testimony. The parties then had six days, including a weekend, to prepare before the experts were allowed to testify. On appeal, the court held that the admission of the expert testimony was error and remanded for a new trial. 843 S.W.2d 640.

A party is obligated to designate any expert it expects to call and to disclose the substance of his testimony as soon as practical, but not less than thirty days before trial. TEX.R.CIV.P. 166b(6)(b); *Sharp v. Broadway National Bank*, 784 S.W.2d 669, 671 (Tex.1990). If a party fails to designate an expert pursuant to Rule 166b(6)(b), the expert may not testify "unless the trial court finds that good cause sufficient to require admission exists." TEX.R.CIV.P. 215(5). The trial court has the discretion to determine whether the offering party met its burden of showing good cause. *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex.1992); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986), *citing Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442 (Tex.1984). The question, then, is whether the trial court finding that Alcoa met its burden was an arbitrary and unreasonable one, made without reference to any guiding rules or principles. *Morrow*, 714 S.W.2d at 298, *citing*

**4**

*Downer v. Aquamarine Operations, Inc.*, 701 S.W.2d 238 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

The Bullocks contend that Alcoa's failure to designate the experts should foreclose introduction of their testimony at trial, ignoring the fact that the experts became necessary only when Alcoa was faced with the unanticipated change in the testimony proffered by the Bullocks' expert, Laux. Rule 166b(2)(e) provides for discovery of not only the identity, but also the expected substance of the testimony of expert witnesses who will testify at trial. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989); Tex. R.Civ.P. 166b(2)(e), (6)(b). The rule applies equally to each side in this case. When Laux's opinion concerning Alcoa's negligence changed due to the review of additional facts, the Bullocks then had a duty to supplement their discovery responses to disclose the material change. *See* Tex.R.Civ.P. 166b(6)(a)(2); *Exxon Corp. v. West Texas Gathering Co.*, 868 S.W.2d 299 (Tex.1993).

■■ A party's failure to supplement discovery to disclose a material change in an expert's opinion may provide good cause for an adverse party's failure to designate rebuttal experts who become necessary only to counter the unanticipated testimony. *See AmSav Group, Inc. v. American Sav. & Loan Ass'n*, 796 S.W.2d 482, 486 (Tex.App.— Houston [14th Dist.] 1990, writ denied). Rule 166(h), for example, allows a court to set a pretrial order requiring parties to exchange a list of witnesses *expected* to be called at trial, but specifically excepts "rebuttal or impeaching witnesses the necessity of whose testimony cannot reasonably be anticipated before the time of trial." (emphasis added). Likewise, Rule 166b(6)(b) requires the parties to supplement only those experts "the party *expects* to call." (emphasis added).

In *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911 (Tex.1992), we held that the mere tactical decision on the part of the plaintiff to bring a witness on rebuttal rather than the case in chief does not establish good cause for failing to supplement discovery. We recognized, though, that "there may be circumstances [in] which good cause can be shown for admitting testimony of an undisclosed witness on rebuttal, as for example, when the need for the testimony could not reasonably have been anticipated." *Alvarado,* 830 S.W.2d at 916 n. 6. In that case, unlike the one before us today, no such circumstances existed.

Although the trial court considered the fact that the experts had been designated by both the Bullocks and Eaton prior to trial, Alcoa's showing of good cause did not rest on that fact alone. Accordingly, we do not pass on the question whether sufficient good cause can exist based *solely* on an opposing party's designation. We hold, based on all of the facts before us, that the trial court acted within its discretion when finding that Alcoa met its burden of showing good cause for allowing the experts' testimony in rebuttal of a material and unanticipated change in testimony. We reverse the judgment of the court of appeals and affirm the trial court's judgment in favor of Alcoa.