COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-388-CV
 
JAMES R. GAMMILL AND                                                    APPELLANTS 
DEBRA DIANE GAMMILL
 
V.
 
B. THOMAS MCELROY                                                             APPELLEE 
 
------------
 
FROM THE 
67TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        In this legal malpractice action, James R. Gammill and Debra Diane 
Gammill appeal the no-evidence summary judgment motion granted in favor of 
their former counsel, B. Thomas McElroy. The Gammills argue that the trial 
court erred in granting summary judgment because the judgment is based on 
the erroneous exclusion of the testimony of appellants’ expert witnesses. We 
will affirm. 
        The Gammills sued Jack Williams Chevrolet, Inc. and American Isuzu 
Motors, Inc. for injuries to Mrs. Gammill and their son, Curtis Gammill, and for 
the death of their daughter, Jaime Michelle Gammill, in an accident involving 
the family’s Isuzu Trooper. The trial court struck the Gammills’ experts and 
granted the defendants summary judgment on the Gammills’ claims. Those 
rulings were upheld on appeal. See Gammill v. Jack Williams Chevrolet, Inc., 
983 S.W.2d 1, 13-15 (Tex. App.—Fort Worth 1996), aff’d, 972 S.W.2d 713 
(Tex. 1998). 
        Thereafter, the Gammills sued McElroy, one of their attorneys in the 
original suit, alleging negligence, breach of contract, breach of fiduciary duty, 
and Deceptive Trade Practices Act violations. The trial court issued a 
scheduling order setting February 28, 2002 as the deadline for the Gammills to 
designate their expert witnesses and to provide the experts’ names, addresses, 
phone numbers, the subject matter of their testimony, and their expert reports. 
The Gammills submitted a list of experts on February 28 that included names, 
addresses, phone numbers, and general categories of expertise for their legal 
malpractice expert, Michael Mosher, and several other experts. They did not, 
however, give the subject matter of these experts’ testimony, and there were 
no expert reports provided with, referenced by, or referred to in the designation. 
Mosher’s preliminary report was filed on March 5, five days after the deadline. 
Mosher stated in the report, “I have only recently been asked to give an opinion 
as an expert witness. Therefore, I have not reviewed all the information that 
I believe will be necessary to render a final opinion.” 
        McElroy moved to strike Mosher’s expert testimony due to his untimely 
designation. The trial court held a hearing on March 28 and denied the motion 
to strike, but required the Gammills to make Mosher available for deposition 
within thirty days. Although Mosher gave his deposition on April 23, he stated 
that his report was still preliminary and that “I’ve got to get the rest of the 
materials in this case.” He had not yet seen the depositions of Lowry and 
Huston, which he considered to be “key.” Mosher stated that his opinions 
might change after he reviewed these additional materials. 
        On June 7, McElroy moved to strike Mosher and the Gammills’ other 
experts’ testimony on various grounds, including that the experts’ reports had 
not been timely provided. As of that date, the Gammills still had not 
supplemented or updated Mosher’s original report. 
        On July 14, 2002, the trial court granted McElroy’s motions and ordered 
that the Gammills could not designate any other legal malpractice experts. 
McElroy then moved for a no-evidence summary judgment on several grounds, 
including that there was no evidence that he had breached the standard of care 
applicable to him as an attorney. The Gammills moved for reconsideration of 
the trial court’s orders striking their experts’ testimony. In their response to 
McElroy’s summary judgment motion, the Gammills merely stated, “Unless and 
until the Court sets aside its previous ruling concerning experts, Plaintiffs have 
no response to the No Evidence Motion for Summary Judgment.” The trial 
court denied the Gammills’ motions for reconsideration and granted McElroy a 
no-evidence summary judgment on August 19, 2002. This appeal followed. 
        After an adequate time for discovery, the party without the burden of 
proof may, without presenting evidence, move for summary judgment on the 
ground that there is no evidence to support an essential element of the 
nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must 
specifically state the elements for which there is no evidence. Id.; Johnson v. 
Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). The trial court 
must grant the motion unless the nonmovant produces summary judgment 
evidence that raises a genuine issue of material fact. See Tex. R. Civ. P. 166a(i) 
& cmt.; S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). 
        In Texas, a plaintiff in a legal malpractice suit is required to present expert 
testimony regarding the standard of skill and care ordinarily exercised by an 
attorney. Ersek v. Davis & Davis, P.C., 69 S.W.3d 268, 271 (Tex. 
App.—Austin 2002, pet. denied). Therefore, if the exclusion of Mosher’s 
testimony was not an abuse of the trial court’s discretion, the Gammills had no 
evidence to support their legal malpractice claim, and the summary judgment 
for McElroy was proper. 
        In reviewing a trial court’s decision to strike expert testimony due to 
untimely designation, we apply an abuse of discretion standard. Aluminum Co. 
of Am. v. Bullock, 870 S.W.2d 2, 3 (Tex. 1994); Ersek, 69 S.W.3d at 270. 
We must not disturb the trial court’s ruling unless the trial court acted arbitrarily 
and unreasonably, without reference to any guiding rules or principles. See 
Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 687 (Tex. 2002); 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied, 476 U.S. 1159 (1986). 
        Where, as here, a party fails to amend or supplement a discovery 
response in a timely manner, the undisclosed information must be excluded 
unless good cause is shown for the failure to timely disclose or unless the 
failure to disclose will not unfairly surprise or prejudice the other parties. 
Vingcard A.S. v. Merrimac Hospitality Sys., Inc., 59 S.W.3d 847, 856 (Tex. 
App.—Fort Worth 2001, pet. denied) (op. on reh’g). The burden of establishing 
good cause or lack of unfair prejudice or surprise is on the party seeking to 
introduce the evidence. Tex. R. Civ. P. 193.6(b). 
        In this case, the Gammills never provided McElroy with anything other 
than a preliminary report from Mosher, which Mosher himself testified was 
subject to change based on additional key evidence that he intended to review. 
The Gammills have not made any argument or pointed to any evidence for their 
failure to update Mosher’s report, nor have they established that McElroy would 
not be unfairly surprised or prejudiced by their repeated failure to comply with 
the trial court’s scheduling order. The Gammills had the opportunity to make 
these arguments or submit relevant evidence in response to McElroy’s no-evidence summary judgment motion, but chose not to do so. 
        Considering these facts, we cannot say that the trial court abused its 
discretion in striking Mosher’s expert testimony. Without this testimony, the 
Gammills lacked any evidence of McElroy’s alleged legal malpractice. 
Therefore, the summary judgment for McElroy is proper. We overrule the 
Gammills’ point and affirm the trial court’s judgment. 
 
                                                                  JOHN CAYCE 
                                                                  CHIEF JUSTICE 

PANEL A:   CAYCE, C.J.; GARDNER, J.; and SAM J. DAY, J. (Retired, Sitting 
by Assignment). 
 
DELIVERED: November 13, 2003