

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 12, 2004

The Honorable Robert E. Talton
Chairman, Urban Affairs Committee
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0215

Re: Whether a peace officer may order the removal of a disabled vehicle to a location other than a licensed vehicle storage facility when the driver has not given consent to the removal  (RQ-0164-GA)

Dear Representative Talton:

You ask whether a peace officer may order the removal of a disabled vehicle to a location other than a licensed vehicle storage facility when the driver has not given consent to the removal.[1] In particular, you ask whether section 545.305 of the Transportation Code, concerning a peace officer's authority to order removal, conflicts with section 643.206(a) of the Code, regulating nonconsent tows by towing services.[2]

A highway construction project for improvements to Interstate Highway 10 requires reducing sections of the highway to two lanes without shoulders.[3] To facilitate the project, cameras have been installed along the highway, which will be monitored by peace officers to watch for accidents and stalled vehicles. *See* Bibler Brief, *supra* note 3, at 1. According to the plan, when a peace officer sees that a disabled vehicle has blocked traffic, the officer may order the vehicle immediately towed. *Id.* If the driver consents, the vehicle may be towed for a fee to a site designated for temporary removals. *Id.* If the driver is not available or does not consent, the officer may order what is known as a nonconsent tow. *Id.* Vehicles removed pursuant to a nonconsent tow are taken to a state-licensed vehicle storage facility, which generally involves a greater fee than that charged for a tow to makeshift temporary storage locations near the construction site. *Id.* at 2.

---

[1]*See* Letter from Honorable Robert E. Talton, Chairman, House Urban Affairs Committee, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Jan. 13, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us).

[2]*Id.*

[3]*See* Brief from Paul Bibler Jr., Senior Counsel, City of Houston Legal Department, to Honorable Greg Abbott, Texas Attorney General (Feb. 26, 2004) (on file with Opinion Committee) [hereinafter Bibler Brief].

Section 545.305(a) of the Transportation Code provides a peace officer's authority to "remove or require the operator or a person in charge of a vehicle to move a vehicle from a highway." TEX. TRANSP. CODE ANN. § 545.305(a) (Vernon 1999). A vehicle may be removed or ordered moved, as pertinent here, if it:

> (6) is disabled so that normal operation is impossible or impractical and the owner or person in charge of the vehicle is:
>
>> (A) incapacitated and unable to provide for the vehicle's removal or custody; or
>>
>> (B) not in the immediate vicinity of the vehicle;
>
> (7) is disabled so that normal operation is impossible or impractical and the owner or person in charge of the vehicle does not designate a particular towing or storage company;[4]
>
> . . . ; or
>
> (9) is, in the opinion of the officer, a hazard, interferes with a normal function of a governmental agency, or because of a catastrophe, emergency, or unusual circumstance is imperiled.

Id. § 545.305(a)(6)-(7), (9). The officer may require the vehicle to be taken to:

> (1) the nearest garage or other place of safety;
>
> (2) a garage designated or maintained by the governmental agency that employs the officer; or
>
> (3) a position off the paved or main traveled part of the highway.

Id. § 545.305(b). The vehicle's owner is liable for reasonable towing and storage fees. Id. § 545.305(d).

Chapter 643, subchapter E of the Transportation Code generally regulates tow truck services. Id. §§ 643.201-.208 (Vernon Supp. 2004). A political subdivision may require a towing service that performs nonconsent tows to register and obtain a license. Id. § 643.201(c)-(d). Under section 643.201, a "consent tow" is "any tow of a motor vehicle initiated by the owner or operator of the

---

[4]A "towing company" is an individual or entity "engaged in the business of towing vehicles on a highway for compensation or with the expectation of compensation for the towing or storage of the vehicles." TEX. TRANSP. CODE ANN. § 545.305(e)(1) (Vernon 1999). Similarly, a "storage company" is an individual or entity "engaged in the business of storing or repairing vehicles for compensation or with the expectation of compensation for the storage or repair of vehicles." Id. § 545.305(e)(2).

vehicle or by a person who has possession, custody, or control of the vehicle," and does not include a tow "initiated by a peace officer investigating a traffic accident or a traffic incident that involves the vehicle." *Id.* § 643.201(e)(2). A "nonconsent tow" is "any tow of a motor vehicle that is not a consent tow." *Id.* § 643.201(e)(4). A political subdivision may regulate fees for nonconsent tows originating within its territory. *Id.* § 643.203.

Section 643.206, entitled "Storage of Towed Vehicles," provides:

> (a) A towing company that makes a nonconsent tow shall tow the vehicle to a vehicle storage facility that is operated by a person who holds a license to operate the facility under Chapter 2303, Occupations Code.

> (b) A storage or notification fee imposed in connection with a motor vehicle towed to a vehicle storage facility is governed by Chapter 2303, Occupations Code.

> (c) Except as provided by this chapter or Chapter 2303, Occupations Code, a fee may not be charged or collected without the prior written consent of the vehicle owner or operator.

*Id.* § 643.206(a)-(c). The vehicle storage facility must post a schedule of towing fees within view of a person who may come to claim the vehicle. *Id.* § 643.208.

Because section 643.206(a) refers to a vehicle storage facility licensed or regulated under chapter 2303 of the Occupations Code, we briefly consider that chapter's pertinent provisions. Chapter 2303 of the Occupations Code is the Vehicle Storage Facility Act. TEX. OCC. CODE ANN. § 2303.001 (Vernon 2004). It does not apply to vehicles stored or parked at a facility with the owner's consent. *Id.* § 2303.003(a). The Transportation Commission (the "Commission") may establish vehicle storage facility licensing requirements "to ensure that the facility maintains adequate standards for the care of stored vehicles." *Id.* § 2303.051(1).[5] A vehicle storage facility operator is required to attempt to provide notice of a vehicle's storage to the vehicle's owner and the principal lienholder. *Id.* §§ 2303.151-.154. A vehicle storage facility's fees are subject to statutory limitation. *Id.* § 2303.155. A vehicle storage facility may dispose of unclaimed vehicles pursuant to section 2303.157 of the Occupations Code. *Id.* § 2303.157.[6] Owners and operators of vehicle storage facilities are subject to disciplinary actions and civil and criminal sanctions for violation of the chapter and Commission regulations. *Id.* §§ 2303.201-.303.

---

[5]The Commission has promulgated rules regulating vehicle storage facilities at title 43 of the Texas Administrative Code, sections 18.80 through 18.96. 43 TEX. ADMIN. CODE §§ 18.80-.96 (2004).

[6]Under the Property Code, a garageman has a lien on a vehicle for the amount of the vehicle's care, including reasonable towing charges. TEX. PROP. CODE ANN. § 70.003(c) (Vernon Supp. 2004); *see generally Bray v. Curtis*, 544 S.W.2d 816 (Tex. Civ. App.–Corpus Christi 1976, writ ref'd n.r.e.) (applying garageman's lien statute to nonconsent tow and storage).

You ask whether Transportation Code sections 545.305 and 643.206(a) conflict. Statutes concerning the same subject matter are to be harmonized, if possible, giving effect to both. TEX. GOV'T CODE ANN. § 311.026(a) (Vernon 1998); *City of Dallas v. Mitchell*, 870 S.W.2d 21, 22 (Tex. 1994). However, sections 545.305 and 643.206(a) do not conflict and full effect may be given to both. Section 545.305 provides for a peace officer's authority to order vehicles removed, which may include nonconsent tows. It further provides that an officer *may* require the vehicle be taken to the nearest garage or other place of safety, a garage designated or maintained by the officer's employer, or a position off of the highway.

Section 643.206(a), on the other hand, regulates towing services that perform nonconsent tows and does not in any way limit a peace officer's authority under section 545.305. Nonconsent tows are subject to state and local regulation and policy designed in part to protect the nonconsenting owner or other interest holder. *See generally Cardinal Towing & Auto Repair, Inc. v. City of Bedford*, 180 F.3d 686 (5th Cir. 1999); *Fort Bend County Wrecker Ass'n v. Wright*, 39 S.W.3d 421 (Tex. App.–Houston [1st Dist.] 2001, no pet.). House Bill 849, which enacted section 643.206 in 2001, expressly mentions nonconsent tows at the direction of a peace officer. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 1034, § 10, 2001 Tex. Gen. Laws 2982, 2984 (adding section 643.206 correlating fees for nonconsent tows from certain private property to fees authorized for peace officer nonconsent tows); *see also* TEX. TRANSP. CODE ANN. § 643.201(e)(2) (Vernon Supp. 2004) (defining "consent tow" and "nonconsent tow"). By not qualifying the nonconsent tows that are subject to section 643.206, that section clearly applies to nonconsent tows made at the direction of a peace officer.

Section 643.206(a) requires a towing company that conducts a nonconsent tow to take the vehicle to a licensed vehicle storage facility, which is subject to the notice and security requirements of chapter 2303 of the Occupations Code. Subchapter E, chapter 643 of the Transportation Code concerns regulation of towing services by the state and political subdivisions, in particular fees that may be assessed before an owner or other interest holder may reclaim the vehicle. In context, section 643.206(a) applies whenever a vehicle is towed without consent for storage pending reclamation by the owner for a fee or other disposition under subchapter E, chapter 643 of the Transportation Code or chapter 2303 of the Occupations Code. We do not construe section 643.206 to apply to tows pursuant to other financial arrangements between a towing company and a political subdivision. Consequently, a peace officer may order a nonconsent tow pursuant to section 545.305, but when the officer uses the services of a towing company, the towing company is subject to 643.206. Section 643.206 does not authorize a towing company to assess a nonconsenting owner or interest holder a towing fee without taking the vehicle to a licensed vehicle storage facility. Applied to the facts described in the City's letter, a peace officer may order a nonconsent tow to a nearby place of safety. If a towing service performs the tow, it may not assess a nonconsenting owner or interest holder a fee without taking the vehicle to a licensed vehicle storage facility.

## SUMMARY

Section 545.305 of the Transportation Code authorizes a peace officer to order a nonconsent tow of certain vehicles to a nearby place of safety. However, section 643.206 of the Transportation Code does not authorize a towing company to assess a nonconsenting owner or interest holder a towing fee without taking the vehicle to a licensed vehicle storage facility.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee