Affirmed in Part, Reversed and Remanded in Part and Memorandum Opinion
filed January 27, 2009








Affirmed in
Part, Reversed and Remanded in
Part and Memorandum Opinion filed January 27, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00727-CV

____________

 

LINDA JUREK, Appellant

 

V.

 

DOROTHY HERAUF AND JENNIFER RICH, Appellees

 



 

On Appeal from the County
Civil Court at Law No. 1

Galveston County, Texas

Trial Court Cause No. 53,613

 



 

M E M O R A N D U M   O P I N I O N








Linda Jurek, appellant, sued Dorothy Herauf and Jennifer
Rich, appellees, seeking damages as the result of a traffic collision.  The
parties stipulated as to liability and tried the issue of damages to the
bench.  The trial court awarded Jurek a total of $800, well below the amount
she requested for medical expenses and damage to her vehicle.  On appeal, Jurek
contends that the trial court erred in (1) permitting appellees to present the
testimony of two expert witnesses who were not timely designated in response to
requests for disclosure, (2) excluding Jurek=s personal injury
evidence, and (3) entering improper findings of fact.  We sustain Jurek=s first issue in
part, affirm the judgment in part, and reverse and remand in part for a new
trial.

Background

On August 2, 2004, Jurek was involved in an automobile
accident with a vehicle apparently owned by Herauf and driven by Rich.  Jurek
subsequently filed suit alleging personal injuries and damage to her vehicle. 
As stated above, appellees Herauf and Rich stipulated that they were
responsible for Jurek=s damages.  The issue of the amount of
damages was then tried to the bench.  In her testimony, Jurek provided details
about the physical injuries she claims resulted from the accident, which
allegedly required several surgeries.  Regarding her vehicle, Jurek testified
that prior to the accident it was worth about $4,000, having had a new engine
put in it.  After the accident, Jurek said that she Ahad to junk it.@  She could not
remember specifically how much she received for the damaged vehicle but thought
it was $90 or $900.  She said that the whole side of the car was caved in, and
she had trouble getting the door open immediately after the collision.  When
Jurek=s counsel
attempted to introduce her medical records, defense counsel objected that Jurek=s counsel had
failed to file the records with the court clerk as provided by the rules of
evidence and that they were not properly authenticated.  In response, Jurek=s counsel stated: 
AI apologize for
not having done that; and I will, therefore, withdraw these.@








Officer Richard Sedgwick of the Texas City Police
Department also testified at trial.  When Sedgwick was called to the stand by
defense counsel, Jurek=s counsel objected that Sedgwick had not
been identified in discovery responses as a person with knowledge of relevant
facts.  The trial court overruled the objection.  Sedgwick then testified that
he investigated the accident involving Jurek and appellees, and he considered
the damages to both of the vehicles involved to be minor.  Specifically, Sedgwick
said that the damage to Jurek=s vehicle was Aminimum,@ and that he rated
it as a Aone,@ although he did
not explain what a Aone@ rating meant.  He
further said that the vehicle sustained A[s]mall damage
down . . . the driver=s side.@  There was a
small dent on the driver=s side door, but Sedgwick declined to
describe it as Acaved in@ or Acrushed in.@  He did not
recall Jurek=s having trouble exiting the vehicle.  He did recall
that Jurek drove the vehicle from the scene.  On cross-examination, Sedgwick
acknowledged that he did not check the vehicle other than to examine the
exterior damage.  He neither looked under the hood nor examined the frame or
the electrical system.  Sedgwick did not offer a value of the vehicle pre- or
post-accident and did not estimate a dollar value for the damage.

Defense counsel next called Randall Wright as an expert
witness on the pre-accident value of the vehicle.  Jurek=s counsel objected
that Wright had not been disclosed as an expert witness in response to
discovery requests.  The trial court overruled the objection and permitted
Wright to testify as a Arebuttal witness.@  Wright then
testified that he was a Awarranty administrative and assistant
service manager@ at a Texas City automotive dealership. 
He professed to have experience in the valuation of cars and briefly described
his work-history in the retail automotive industry.  Although Wright
acknowledged that he had not examined Jurek=s vehicle, he
testified that a vehicle of the same year, make, and model of Jurek=s vehicle, that
was in Aexcellent
condition,@ would have had a retail value of approximately $900
and a wholesale value of approximately $400.  On cross-examination, Wright
agreed that if the vehicle had a new engine placed in it, as Jurek testified
hers had, that would have increased its value.








During closing argument, defense counsel stated Awe have testimony
here that the car . . . is probably worth $800, not $4,000 as she has
testified. . . . [A]t best, it would be $800.@  Counsel=s figure was
actually a misstatement of Wright=s testimony,
wherein he said that the vehicle was worth approximately $900.  Nonetheless, in
its judgment, the trial court awarded Jurek a total of $800 for property
damages.  In its findings of fact, the court stated that (1) fault was
established by admission, (2) Jurek incurred property damages of $800, and (3)
no other damages were proven.  On appeal, Jurek argues that the trial court
erred in (1) permitting appellees to present the testimony of two expert
witnesses despite the fact that the experts were not timely designated, (2)
excluding Jurek=s personal injury evidence, and (3) entering
improper findings of fact.

Designation of Witnesses

In her first issue, Jurek contends that the trial court
erred in admitting the expert testimony of Officer Sedgwick, who testified
regarding the amount of damage to Jurek=s vehicle, and
Randall Wright, who testified as to the value of Jurek=s vehicle before
the collision.  Regarding Sedgwick, Jurek=s counsel objected
in the trial court that he had not been designated as a witness with knowledge
of relevant facts, i.e., a fact witness.  Because Jurek=s appellant
complaint (failure to designate as an expert witness) does not comport with her
objection in the trial court (failure to designate as a fact witness), this
part of Jurek=s first issue has not been preserved for appeal.  See
Tex. R. App. P. 33.1(a); J.C.
Penney Life Ins. Co. v. Heinrich, 32 S.W.3d 280, 290 (Tex. App.CSan Antonio 2000,
pet. denied).[1]

In regards to Wright, Jurek has argued both in the trial
court and on appeal that because he was not timely designated as an expert, his
testimony should have been excluded.  This argument, therefore, has been
preserved for review.  Rule 195.2 of the Texas Rules of Civil Procedure provides
that unless otherwise ordered by the court, a defendant must generally
designate his or her experts within 60 days before the end of the discovery
period.  Tex. R. Civ. P. 195.2.  Appellees did not argue in the trial court and
do not argue on appeal that they timely and properly designated Wright as an
expert.  Instead, appellees contend that it was within the trial court=s discretion to
admit Wright as an expert nonetheless.








Rule 193.6 provides that when a party fails to timely
identify a witness, that party may not offer the testimony of that witness
unless the court finds that (1) there was Agood cause@ for the failure
to timely identify, or (2) the failure Awill not unfairly
surprise or unfairly prejudice the other [party].@  Id.
193.6(a).  The burden of demonstrating good cause or the lack of unfair
surprise and unfair prejudice is on the party seeking to call the unidentified
witness.  Id. 193.6(b).  Additionally, a trial court=s finding of good
cause or the lack of unfair surprise and unfair prejudice must be supported by
the record.  Id.  Appellees did not argue in the trial court and do not
contend on appeal that the failure to properly identify Wright pre-trial did
not cause Jurek unfair surprise or unfair prejudice; instead, appellees argued
only good cause for the failure to disclose.  Specifically, appellees assert
that Wright was called only to rebut Jurek=s testimony
regarding the value of her vehicle prior to the accident.








Under Rule 192.3(d), a party is not required to disclose in
discovery the identity of Arebuttal or impeaching witnesses the
necessity of whose testimony cannot reasonably be anticipated before trial.@  Id.
192.3(d).  The Texas Supreme Court has held that the fact that a nondisclosed
witness was called only as a rebuttal or impeachment witness may under certain
circumstances constitute good cause for the failure to disclose.  See Aluminum
Co. of Am. v. Bullock, 870 S.W.2d 2, 4 (Tex. 1994) (holding under prior
rule that party met its burden of showing good cause for failure to identify
rebuttal expert due to material and unanticipated change in testimony of
opposing expert); Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 916-17
& n.6 (Tex. 1992) (holding under prior rule that party failed to
demonstrate good cause for failure to disclose rebuttal witness); see also
Melendez v. Exxon Corp., 998 S.W.2d 266, 276 (Tex. App.CHouston [14th
Dist.] 1999, no pet.) (holding trial court did not err in excluding evidence of
rebuttal witness for nondisclosure).  However, the burden remains on the party
seeking to call the undisclosed witness, and the record must still demonstrate
good cause.  See Bullock, 870 S.W.2d at 4; Alvarado, 830 S.W.2d
at 916-17; Melendez, 998 S.W.2d at 276.  As these cases illustrate, the
mere fact that a witness is called Ain rebuttal@ does not mean
that the witness does not have to be disclosed.  See, e.g., Alvarado,
830 S.W.2d at 916 (AAlvarado=s tactical
decision prior to trial to call [witness] on rebuttal was not good cause for
failing to comply with discovery.@).  A rebuttal
witness still has to be disclosed if the need to call that witness reasonably
should have been anticipated.  Moore v. Mem=l Hermann Hosp.
Sys., Inc., 140 S.W.3d 870, 875 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).

Here, appellees did not argue in the trial court, much less
demonstrate, that they could not have reasonably anticipated the need to call a
valuation expert to rebut Jurek=s testimony regarding the pre-accident
value of her vehicle.  The damage to Jurek=s vehicle was
certainly a focal point of the lawsuit.  Because there is no showing in the
record of good cause for the failure to identify Wright as a testifying expert
in pre-trial discovery, we conclude that the trial court abused its discretion
in permitting his testimony.








We next turn to the question of whether the court=s error is
reversible.  AA person seeking to reverse a judgment based on
evidentiary error need not prove that but for the error a different judgment
would necessarily have been rendered, but only that the error probably resulted
in an improper judgment.@  City of Brownsville v. Alvarado,
897 S.W.2d 750, 753, (Tex. 1995).  To be successful, the complaining party must
show that the judgment turned on the particular evidence excluded or admitted. 
Id. at 753-54.  In making this determination, we review the entire
record from the proceedings below.  Id. at 754.  Because Wright was not
identified as a testifying expert, Jurek=s counsel was not
able to depose him, examine his expert credentials before trial, prepare an
effective cross-examination, or arrange for another expert to dispute Wright=s conclusions. 
Furthermore, except for Jurek=s own testimony, there was no other
evidence of the value of her vehicle prior to the accident; in other words,
Wright=s testimony was in
no way cumulative of other evidence.  See Alvarado, 830 S.W.2d at 917
(finding error in admitting undisclosed witness=s testimony was
reversible because it was important to the presenting party=s case and not
cumulative).  It is also clear that Wright=s testimony was
highly influential to the court as factfinder.  Jurek testified that her
vehicle was worth about $4,000 pre-accident and that she had to Ajunk it@ after the
accident.  Wright testified that the vehicle was worth about $900 retail and
$400 wholesale pre-accident, although he allowed for the fact that a new engine
might have increased the value.  Defense counsel subsequently misstated Wright=s testimony,
telling the court the vehicle was worth, at most, $800.  In its judgment, the
court awarded Jurek that exact amount.  Accordingly, we find that the judgment
turned on the erroneously admitted evidence.  We therefore sustain Jurek=s first issue to
the extent it complains of the admission of Wright=s testimony.[2]

Remaining Issues

In her second issue, Jurek contends that the trial court
erred in excluding evidence of her physical injuries.  However, as described
above, when Jurek=s counsel attempted to introduce said
evidence and defense counsel objected, Jurek=s counsel
voluntarily withdrew the offered exhibits.  Having withdrawn the exhibits,
Jurek cannot now complain on appeal that they were not admitted.  Cf.
Maritime Overseas Corp. v. Ellis, 886 S.W.2d 780, 794 (Tex. App.CHouston [14th
Dist.] 1994) (holding that because appellant failed to actually offer testimony
into evidence, appellant could not complain on appeal about its exclusion), aff=d, 971 S.W.2d 402
(Tex. 1998).[3] 
Accordingly, we overrule Jurek=s second issue.

In her third issue, Jurek contends that the trial court
entered improper findings of fact.  Jurek, however, does not provide any
citations to the record or to relevant authority in support of this issue.  See
Tex. R. App. P. 38.1(h) (A[Appellant=s] brief must
contain . . . appropriate citations to authorities and to the record.@); WorldPeace
v. Comm=n for Lawyer Discipline, 183 S.W.3d 451,
466 (Tex. App.CHouston [14th Dist.] 2005, pet. denied) (overruling
issues for failure to properly brief).  Accordingly, we overrule her third
issue.








Disposition

Because we have sustained Jurek=s first issue in part and found the
trial court=s error to have been harmful, we
reverse the portion of the trial court=s judgment awarding $800 for property damage.  The
remainder of the judgment is affirmed.  On remand, Jurek is entitled to a new
trial only regarding the amount of property damage.  See Tex. R. App. P. 44.1(b) (requiring
reversal and remand of only the portion of a judgment affected by error when
separable without unfairness to the parties); Williams v. LifeCare Hospitals
of N. Tex., L.P., 207 S.W.3d 828, 832-35 (Tex. App.CFort Worth 2006, no pet.)
(discussing separability of damages issues).[4]

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown.









[1]  We take no position on the question of whether
Sedgwick was properly designated or needed to be designated before testifying.





[2]  In their brief, appellees also assert that the
evidence was legally insufficient to establish either causation of damage or
the extent of the damage to the vehicle.  Appellees, however, did not file a
notice of appeal challenging the award of property damages in the judgment.  See
Tex. R. App. P. 25.1(c); Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d
732, 737 (Tex. 2001).  Furthermore, other than making these bald assertions,
appellees make no argument and cite no authority in support of the assertions. 
See Tex. R. App. P. 38.2(a).  Accordingly, we do not address the
substance of these assertions.





[3]  While it is true that subsequent to the withdrawal
of the exhibits, the trial court purported to rule on the defense objection,
this ruling was essentially rendered moot by the prior withdrawal.





[4]  Wright=s
erroneously admitted testimony pertained solely to the value of Jurek=s vehicle and had no impact on her claims of personal
injury.  Thus, the part of the judgment affected by the error, i.e., the
award of property damages, is separable from the remainder of the judgment, i.e.,
the finding of liability and the personal injury claims.