COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| RUBEN DARIO ORTEGA, | § | No. 08-23-00068-CV |
| Appellant/Cross-Appellee, | § | Appeal from the |
| | § | 41st Judicial District Court |
| v. | § | of El Paso County, Texas |
| FSA, LLC, | | |
| Appellee/Cross-Appellant. | § | (TC#2020DCV2745) |

## MEMORANDUM OPINION

Appellant Ruben Dario Ortega appeals the trial court's final judgment granting declaratory relief and attorney's fees in favor of Appellee FSA, LLC. The underlying dispute involves a breach of contract claim for missed rental payments under a commercial lease followed by a counterclaim for improper lockout. On appeal, Ortega asserts the trial court erred in its award of attorney's fees because FSA failed to timely produce supporting fee records. Additionally, Ortega contends the jury's award of no damages for his improper lockout claim was against the great weight and preponderance of the evidence. On cross-appeal, FSA requests a remand to the trial court for additional attorney's fees. We affirm.

**BACKGROUND**

FSA sued Ortega for breach of a commercial lease that FSA's predecessor in interest had entered into with Ortega (2013 Lease). On May 22, 2013, Ortega leased the real property located at 3516 Confederate in El Paso (the Property) for a ten-year term, set to expire on June 7, 2023. The 2013 Lease called for Ortega to pay rent in the amount of $3,000 each month, payable by the 8th day of the month, increasing $200 per month for each year starting after the first year, and for every consecutive year thereafter to a maximum of $4,000 per month, at which point the rent freezes for the last five years of the contract. An additional term provided that the landlord "has the right to find [Ortega] in default of this Agreement after 15 days of lateness and may retain any deposit in full."

FSA's original petition included distinct allegations in support of its breach of lease claim. First, it alleged Ortega breached the 2013 Lease by failing to make timely payments. As a result, FSA alleged it had provided Ortega with a three-day notice to vacate and initiated a forcible entry and detainer suit against him. Second, FSA alleged that, shortly after it had declared Ortega in default of the lease, he produced what he purported to be a second lease between him and Flores (2014 Lease), which included terms more favorable to him. Specifically, the 2014 Lease stated it superseded the 2013 Lease and would expire September 30, 2024.[1] The 2014 Lease called for the same $3,000 in monthly rent but stated: "Payments more than 10 days late will be subject to a $50[] late fee." By the suit, FSA contended the 2014 Lease was not genuine and had no legal effect. FSA sought a declaratory judgment declaring the 2013 Lease controlling of the parties'

---

[1] The Lease stated "September 31, 2024." We note the month of September only contains 30 days.

relationship with respect to the Property, and that the 2014 Lease was void and had no legal effect. Additionally, FSA requested reasonable and necessary attorney's fees.

Responding, Ortega asserted, pursuant to the Texas Property Code, a counterclaim for an unlawful lockout, alleging FSA improperly cut and removed a lock from the door of the Property. *See* Tex. Prop. Code Ann. § 93.002(b) (providing a landlord cannot remove a lock from the leased premises unless the removal is for a bona fide repair or replacement). Ortega further sought a declaratory judgment that the 2014 Lease did not contain a forgery. Additionally, Ortega requested attorney's fees.

The case proceeded to a jury trial. Prior to trial, the parties entered into a Rule 11 agreement acknowledging both FSA and Ortega had pending claims for attorney's fees. The parties agreed not to present evidence on attorney's fees to the jury; instead, the evidence would be presented to the trial court for review and consideration. Moreover, the agreement stated that neither party would raise an objection to the attorney's fee evidence based on:

> (i) the failure to present attorney's fee evidence at trial to the jury, and (ii) any alleged waiver of the right to seek recovery of reasonable and necessary attorney's fees based on the lack of evidence presented at trial to the jury on attorney's fees.

The agreement allowed for other objections to attorney's fee evidence. Also prior to trial, the parties agreed to admit exhibits which included Ortega's own attorney's fees exhibit.

After the jury heard multiple witnesses and received over 200 exhibits in evidence, the trial court read the jury the charge of the court which included multiple questions to answer. While the jury was deliberating, Ortega moved to withdraw their previously admitted attorney's fees exhibits.

The jury returned its verdict finding the following: the lessor's signature on the 2014 Lease was a forgery; FSA improperly removed the lock connected to the Property; Ortega failed to

3

comply with the 2013 Lease by failing to pay the rental payment for the month of July 2020 and October 2020; and Ortega's failure to comply with the 2013 Lease was not excused. The jury awarded zero dollars to Ortega for FSA improperly removing a lock connected to the door of the Property.

A few days after trial, FSA filed a motion for judgment on the verdict. Attached to its motion were the declarations in support of requested attorney's fees by attorneys Robert L. Blumenfeld and Michael T. Milligan. Additionally, FSA attached its billing statements. Ortega objected to the evidence arguing it was not previously supplemented.

On November 10, the trial court held a hearing on the motion where it heard arguments from counsel on the request for attorney's fees. There, Ortega objected to FSA's evidence because FSA failed to disclose the attorney's fee amount that it was seeking in discovery. Ortega presented that FSA's discovery responses included evidence of attorney's fees that amounted to $39,955 through August 24, 2022. Ortega asserted that FSA attempted to produce, after trial and for the first time, additional exhibits claiming attorney's fees in the amount of $113,000. Specifically, the exhibits included billing invoices showing fees incurred through September 30, 2022. Ortega asserted that FSA should have disclosed a range of expected attorney's fees.

The trial court then entered a final judgment on December 1, 2022. The court ordered and declared the signature on the 2014 Lease a forgery and awarded FSA attorney's fees in the amount of $84,897.[2] The trial court further ordered Ortega take nothing by his counterclaim. Last, after considering Ortega's objections to attorney's fees awarded to FSA, the trial court ordered that no contingent appellate attorney's fees were awarded to FSA.

---

[2] In its award of attorney's fees, the trial court removed the requested fees which were incurred by a previous law firm and expert fees. This is not an issue on appeal.

4

Ortega filed a motion for new trial, which was overruled by operation of law. Ortega timely appealed and FSA cross-appealed.

## ISSUES ON APPEAL

Ortega asserts four issues on appeal. First, he asserts FSA did not disclose the amount of attorney's fees that it would seek in discovery responses. Second, Ortega contends there was no evidence offered to the trial court to justify the failure to properly supplement discovery before trial. Third, Ortega argues the jury's award of zero damages for Ortega's claims of an improper lockout is not supported by factually sufficient evidence because § 93.002(g) of the Texas Property Code provides for statutory damages in the event of an improper lockout. Fourth and last, Ortega contends the case should be reversed and remanded to the trial court for consideration of his claim for reasonable and necessary attorney's fees.

Although FSA filed a notice of cross-appeal, its brief lacked a separate heading identifying the issue presented on cross-appeal. Instead, in responding to Ortega's fourth issue, FSA argued that the circumstances of the case strongly supported a remand to the trial court "to revisit the issue of attorney fees."

We address each issue, and the cross-issue, in turn.

## ATTORNEY'S FEES

In his first and second issues, Ortega challenges the attorney's fees award. He asserts the trial court erred in considering evidence not timely disclosed; and, as well, that no good cause or lack of unfair surprise or prejudice was established to excuse FSA's failure to properly supplement discovery before trial. In bringing these issues, Ortega does not dispute that FSA timely produced evidence of attorney's fees totalling $48,488.04. And Ortega neither complains that FSA failed to timely designate its attorneys as experts. Rather, Ortega's complaint is that FSA sought to present

5

evidence of additional attorney's fees when it moved to enter judgment and the evidence supporting the motion was not previously disclosed.

## A. Standard of review and applicable law

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam). The trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

A party who fails to amend or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed or offer the testimony of a witness who was not timely identified, unless the court finds either (1) good cause for the failure to timely amend or supplement the discovery response, or (2) the failure to timely amend or supplement the discovery response will not unfairly surprise or unfairly prejudice the other party. Tex. R. Civ. P. 193.6(a). "The burden of establishing good cause or lack of unfair surprise is on the party seeking to introduce the evidence or call the witness." Tex. R. Civ. P. 193.6(b). The trial court has discretion to determine whether the offering party has met its burden of showing good cause. *Aluminum Co. of Am. v. Bullock*, 870 S.W.2d 2, 3 (Tex. 1994). The record must support a finding of good cause or lack of unfair surprise. Tex. R. Civ. P. 193.6(b).

## B. Timeliness of the disclosure

As a preliminary matter, we address the parties' dispute over the timeliness of FSA's disclosures. Ortega complains that, at the time of trial, FSA had not supplemented its discovery responses to disclose additional invoices for attorney's fees. Responding, FSA contends its

evidence of requested fees was not untimely disclosed. Given this dispute over the timeliness of disclosures, we begin with a timeline of relevant events.

On August 26, 2022, FSA responded to Ortega's discovery requests with billing invoices showing attorney's fees in the amount of $48,488. On September 26, 2022, the parties entered into the Rule 11 agreement which agreed to have the issue of attorney's fees determined by the trial court after the jury's verdict. On October 7, 2022, after the jury returned its verdict, FSA filed a motion to enter judgment. FSA requested attorney's fees in the amount of $113,944.21 and requested the trial court set the matter for a hearing. To its motion, FSA attached evidence that it argued would "substantiate the award." On November 8, Ortega filed an objection to FSA's motion for judgment, asserting the trial court should deny the request for attorney's fees because FSA did not supplement its discovery responses "before the conclusion of the trial." The trial court held a hearing on November 10 and later entered judgment granting attorney's fees to FSA.

FSA contends it completed production of all its billing records on October 7, 2022, eight days after the jury returned its verdict. The billing invoices attached to FSA's motion included the work on the case through the end of September. Then, the trial court conducted a bench trial on the issue of attorney's fees on November 10. FSA interprets Ortega's argument as asserting that the bifurcated trial should have been treated as one and all attorney's fee evidence should have been provided 30 days before the jury trial commenced. Responding, Ortega asserts the Rule 11 agreement only contained an agreement to have the trial court decide the recovery of reasonable and necessary attorney's fees at a post-verdict hearing.

Here, the Rule 11 agreement specifically stated that the parties would not object to the attorney's fee evidence presented post-trial based on an argument that the evidence was not presented at trial to the jury. From this agreement, we conclude FSA's supplementation was timely

7

provided. Rule 193.5 provides that a supplemental response to discovery "must be made reasonably promptly," and a response made less than 30 days before trial is not made reasonably promptly. Tex. R. Civ. P. 193.5(b). Although the jury trial began on September 27, 2022, the trial court did not hear the issue of attorney's fees until November 10, 2022, a bifurcation to which the parties agreed. Because FSA provided Ortega with the additional billing invoices at least 30 days before the November 10 hearing, the supplementation was reasonably prompt per our procedural rules. *See id.*

For this reason, we reject Ortega's contention that FSA failed to timely disclose its billing invoices supporting the award of attorney's fees.

## C. Good cause

Even if FSA's disclosure should have occurred before the September 27 jury trial, we still conclude the record supports the trial court's finding of good cause, and that Ortega was not unfairly surprised or prejudiced by the additional evidence.

In its motion, FSA represented to the trial court that "[t]he only fees and costs that were not specifically enumerated in the final pre-trial supplementation were fees and costs that had not yet been billed or incurred." FSA described that fees for August through September 2022 did not exist at the pretrial discovery deadline. Ortega contests FSA's argument that the invoices were not available and asserts FSA should have produced an estimate of a range of attorney's fees FSA anticipated requesting for services rendered through trial. We disagree with Ortega's contention. Ortega does not point to us to any authority stating disclosure of an estimated range of requested attorney's fees is necessary for recovery, and we find none.

The record also shows that Ortega was not unfairly surprised by the additional evidence supporting the request for attorney's fees. FSA's request for attorney's fees was heavily contested

8

from the start of the trial. The parties' Rule 11 agreement shows they agreed on its resolution by the trial court. Additionally, FSA contended that Ortega could not claim he was surprised by the claim for attorney's fees, or the amount sought, because Ortega knew the complexity of the trial and "engaged in extensive depositions, opposed various motions filed by FSA, and took long depositions."

Ortega's cited cases are unavailing in that they involved a lack of testimony or evidence to support a finding of good cause. *See Morales v. Rice*, 388 S.W.3d 376, 386 (Tex. App.—El Paso 2012, no pet.) (reversing the award of attorney's fees because the record did not support a finding of good cause when, although the attorney testified to his fees, he did not testify as to why the records were not produced earlier); *C.A. Walker Const. Co. v. J.P. Sw. Concrete, Inc.*, No. 01-07-00904-CV, 2009 WL 884754, at *7 (Tex. App.—Houston [1st Dist.] Apr. 2, 2009, no pet.) (mem. op.) (holding post-trial requests for damages and attorney's fees violated Rule 193.6 and Rule 194.2(d) because the party seeking the amount failed to amend its responses to requests for disclosure and failed to disclose the amount and method of calculating economic damages and its requests were not supported by evidence of good cause); *Hasty Inc. v. Inwood Buckhorn Joint Venture*, 908 S.W.2d 494, 503 (Tex. App.—Dallas 1995, writ denied) (finding trial court erred when it overruled objection to evidence that was not timely supplemented before trial because there was no evidence in the record to show good cause). Rather, here, FSA provided an explanation on the lack of surprise to Ortega and the good cause for the request it made.

We conclude the record in this case supports the trial court's implied finding of good cause because Ortega was not unfairly surprised or prejudiced by the additional evidence. *See Hagan v. Pennington*, No. 05-18-00010-CV, 2019 WL 2521719, at *12 (Tex. App.—Dallas June 19, 2019, no pet.) (mem. op.) (concluding the trial court did not abuse its discretion by allowing evidence of

9

additional fees incurred because the record supported good cause and no unfair surprise of prejudice). We therefore conclude that the trial court acted within the bounds of its discretion when it denied Ortega's request to strike FSA's evidence supporting its attorney's fee request.

We overrule Ortega's first and second issues.

## ORTEGA'S REQUEST FOR DAMAGES AND ATTORNEY'S FEES

In Ortega's third issue, he complains the jury's award of zero damages for an improper lockout was against the great weight and preponderance of the evidence. Because the jury answered "yes" to the question of whether Ortega was wrongfully locked out, Ortega argues the jury's award of no damages violated § 93.002(b) of the Texas Property Code.

### A. Standard of review and applicable law

In reviewing an issue asserting that the jury's failure to make a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence and set aside the finding only if the evidence is so weak or the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

> Section 93.002 provides:
>
> A landlord may not remove a door, window, or attic hatchway cover or a lock, latch, hinge, hinge pin, doorknob, or other mechanism connected to a door, window, or attic hatchway cover from premises leased to a tenant or remove furniture, fixtures, or appliances furnished by the landlord from premises leased to a tenant unless the landlord removes the item for a bona fide repair or replacement. If a landlord removes any of the items listed in this subsection for a bona fide repair or replacement, the repair or replacement must be promptly performed.

Tex. Prop. Code Ann. § 93.002(b). When a landlord violates this section, a tenant may recover "an amount equal to the sum of the tenant's actual damages, one month's rent or $500, whichever is

greater, reasonable attorney's fees, and court costs, less any delinquent rents or other sums for which the tenant is liable to the landlord." Tex. Prop. Code Ann. § 93.002(g)(2).

**B. Analysis**

At trial, the jury heard evidence that FSA sought to exercise its lock-out authority by locking out Ortega based on his delinquency in timely paying his rent. To avoid locking out a subtenant, FSA tasked its employee with installing a new lock underneath the existing lock on the metal gate leading to the door of the Property. FSA claimed its employee misunderstood the instruction, and instead, sawed off the existing lock on the exterior iron gate leading to the front door of the Property. FSA then purchased a new lock for the exterior gate and gave it to the subtenant. Ortega testified he only discovered the lock on the Property had been cut by FSA's employee after his sub-tenant informed him. At the conclusion of trial, the jury was asked the following question based on the instruction given:

> Did [FSA] or its agent improperly remove a lock connected to the door of [the Property]?
>
> A landlord may not remove a lock connected to a door from premises leased to a tenant unless the landlord removes the item for a bona fide repair or replacement.
>
> Answer "Yes" or "No."

The jury answered, "Yes." The jury was also asked: "What sum of money, if any, if paid now in cash, would fairly and reasonably compensate [Ortega] because [FSA] or its agent improperly removed a lock connected to the door of the Property?" It answered "zero."

Ortega contends the jury's award of no damages was against the great weight and preponderance of the evidence because he presented evidence that his monthly rent was $4,000. FSA did not dispute the contracted amount of Ortega's monthly rent. Ortega argues that uncontradicted testimony of asserted damages is sufficient to support an award of damages under

this section. *See French v. Moore*, 169 S.W.3d 1, 13 (Tex. App.—Houston [1st Dist.] 2004, no pet.). However, the statute does not require the award of damages for a violation of the section. Subsection (g)(2) provides:

> (g) If a landlord or a landlord's agent violates this section, the tenant *may*:
>
> > (1) either recover possession of the premises or terminate the lease; and
>
> > (2) recover from the landlord an amount equal to the sum of the tenant's actual damages, one month's rent or $500, whichever is greater, reasonable attorney's fees, and court costs, less any delinquent rents or other sums for which the tenant is liable to the landlord.

Tex. Prop. Code Ann. § 93.002(g) (emphasis added). Ortega contends the jury's no damages verdict was against the great weight and preponderance of the evidence because the statute allows for the recovery of statutory damages in the amount of the greater of one month's rent or $500 and there was uncontroverted evidence that his rent was $4,000. *See id.* However, reading the statute as a whole, it does not require, per se, the award of damages for a violation of the statute. Moreover, without objection, the jury was instructed to "Answer in dollars and cents for damages, if any." The jury returned a verdict of "zero" damages.

For this reason, we conclude the jury's award of damages, or lack thereof, for an improper removal of a lock was not against the great weight and preponderance of the evidence. *Rumzek v. Lucchesi*, 543 S.W.3d 327, 335 (Tex. App.—El Paso 2017, pet. denied). Accordingly, we overrule Ortega's third issue.

In Ortega's fourth issue, he asserts that if we reverse the award of damages, we must also remand for consideration of attorney's fees to be awarded. Because we resolve issue three against Ortega, we also overrule his fourth issue based on the same reasoning. *See* Tex. R. App. P. 47.1.

## FSA's Cross-Appeal

As we earlier noted, FSA articulated no cross-issue by separate heading. Its brief, however, includes a sentence somewhat describing the basis for it seeking affirmative relief from the trial court's judgment. Specifically, FSA argues, "the unique circumstances of this case strongly suggest that the Court of Appeals should remand the case to the District Court to exercise its discretion based on consideration of this matter as a case of first impression." Although FSA seeks a remand of the case for the trial court to revisit attorney's fees, it does not claim the trial court erred in rendering its judgment. Rather, FSA requests this Court remand to the trial court so it can revisit the issue of attorney's fees in light of Ortega's conduct, complaining of his production of a second lease. In its prayer, FSA requests we remand for additional fees, costs, and expenses in light of the unique circumstances of this dispute. Because FSA does not claim trial court error, nor provide supporting authority for the relief requested, we conclude the cross-issue has been waived. TEX. R. APP. P. 38.1(h), (i). For this reason, we overrule FSA's request for relief on cross-appeal.

## Conclusion

We affirm.


GINA M. PALAFOX, Justice

May 29, 2024

Before Palafox, J., Soto, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.) (Sitting by Assignment)

13