

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

August 25, 2016

The Honorable Wiley B. McAfee
District Attorney
33rd and 424th Judicial Districts
1701 East Polk Street
Burnet, Texas 78611

The Honorable Rebecca Lange
Llano County Attorney
801 Ford Street, Room 111
Llano, Texas 78643

Opinion No. KP-0111

Re: Whether a commissioners court may impose a vehicle policy that regulates the use, deployment, recording, and tracking of vehicles used by the sheriff (RQ-0100-KP)

Dear Mr. McAfee and Ms. Lange:

Both of your request letters concern the authority of a commissioners court and the county auditor to adopt and administer a county vehicle policy handbook for county officers and employees who operate Llano County vehicles.[1] The McAfee Brief states that in January 2016, the Llano County Commissioners Court adopted a county driver and vehicle policy handbook "intended to apply to all vehicles operated in the course of Llano County business including vehicles that have been allocated to the Sheriff and other elected officials." McAfee Brief at 2. The Lange Request Letter informs us that the commissioners court repealed the January policy handbook and replaced it with a new policy handbook adopted in April 2016. Lange Request Letter at 1. Collectively, your questions concern two basic issues: (1) whether a commissioners court may adopt a county vehicle policy regulating the use of county vehicles that applies to county officers and employees, including the sheriff and employees of the sheriff's office; and (2) whether the county auditor may access and examine county records and adopt regulations concerning county employees and elected officials'. use of county vehicles. McAfee Request Letter at 1; McAfee Brief at 3–5; Lange Request Letter at 2.

With respect to the first issue, the Texas Constitution grants a commissioners court "such powers and jurisdiction over all county business, as is conferred by this Constitution" or the Legislature. TEX. CONST. art. V, § 18(b). A commissioners court is a "county's principal governing body," and its "powers and duties . . . include aspects of legislative, executive, administrative, and judicial functions." *Comm'rs Ct. of Titus Cty. v. Agan*, 940 S.W.2d 77, 79

---

[1]*See generally* Letter & Brief from Honorable Wiley B. McAfee, Dist. Att'y, 33rd and 424th Jud. Dists. to Tex. Att'y Gen. (Feb. 26, 2016), ("McAfee Request Letter" & "McAfee Brief," respectively); Letter from Honorable Rebecca Lange, Llano Cty. Att'y, to Tex. Att'y Gen. (June 14, 2016) ("Lange Request Letter") https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs.

(Tex. 1997). A commissioners court's responsibility for county business and to make the county's budget is a legislative function, and the commissioners court has broad discretion to oversee the county's fiscal operations and policies. *Griffin v. Birkman*, 266 S.W.3d 189, 194–95 (Tex. App.— Austin 2008, pet. denied). Duties expressly assigned to the commissioners court include the implied authority to exercise powers necessary to accomplish those duties. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003).

At the same time, the constitution and statutes grant other independent, elected county officers a sphere of county authority "within which the Commissioners Court may not interfere or usurp." *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961). This allocation of the county's authority to the commissioners court and to other county officers creates a "delicate system of checks and balances." *Smith v. McCoy*, 533 S.W.2d 457, 459 (Tex. Civ. App.—Dallas 1976, writ dism'd). The limitation on a commissioners court's powers with respect to other elected county officials derives from "the policy that elected officers . . . discharge the public trust and carry the responsibility for the proper discharge of that trust." *Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.—Austin 1997, writ denied). However, an elected county official's exclusive sphere of authority consists only of the officer's core duties under the Texas Constitution and statutes. *See Griffin*, 266 S.W.3d at 197.

The constitution and statutes define the sphere of authority of a county sheriff. TEX. CONST. art. V, § 23; *see generally* Tex. Att'y Gen. Op. No. KP-0003 (2015) (discussing sheriff's constitutional and statutory powers). The sheriff's foremost responsibility is to enforce the law within the county as conservator of the peace and keeper of the county jail. *See* TEX. CODE CRIM. PROC. art. 2.17; TEX. LOC. GOV'T CODE § 351.041. The sheriff's law enforcement authority implicitly includes "reasonable authority necessary to attain the end result." *Fort Bend Cty. Wrecker Ass'n v. Wright*, 39 S.W.3d 421, 425 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

The commissioners court and the sheriff both possess authority concerning the county vehicles allocated to the sheriff, and to some degree, their respective spheres of authority intersect. The commissioners court's authority with respect to county vehicles derives primarily from its budgetary discretion to determine the vehicles and other equipment to be allocated to county officers such as the sheriff. *See* Tex. Att'y Gen. Op. Nos. GA-0480 (2006) at 2 (observing that "patrol vehicles allocated to a sheriff by a commissioners court are tools to be used by the sheriff to perform the sheriff's law enforcement duties"); JC-0214 (2000) at 2 ("The principal power of the commissioners court with respect to other county officers like the sheriff is the power of the purse strings."). A county vehicle allocated to a county officer or employee remains county property, and therefore the commissioners court's authority with respect to the county vehicle continues after the vehicle has been allocated to the sheriff. *See* Tex. Att'y Gen. Op. Nos. GA-0158 (2004) at 4 ("The sheriff's vehicles belong to the county, which acts through its commissioners

court."); GA-0308 (2005) at 2–3 (determining that, in particular circumstances, a commissioners court may reduce the number of vehicles allocated to the sheriff).[2]

In addition to a commissioners court's general fiscal authority, various statutes provide specific authority to commissioners courts concerning aspects of county vehicle ownership and use. For example, a commissioners court possesses general authority to provide insurance for county-owned vehicles. TEX. CIV. PRAC. & REM. CODE § 101.027(a), (c) (generally authorizing governmental units to purchase insurance but limiting its authority to require an employee to purchase liability insurance as a condition of employment); see generally Tex. Att'y Gen. Op. No. MW-490 (1982) (determining that counties with a population of less than 1.4 million have the authority but not the duty to purchase liability insurance for county motor vehicles). And the commissioners court has general authority to approve markings on county vehicles, consistent with statutory regulations. See TEX. TRANSP. CODE §§ 721.004(a), .005(b)(1)(B); Tex. Att'y Gen. Op. No. GA-0158 (2004) at 4 (stating that "the commissioners court exercises ultimate authority over the content, design, or placement of any particular decal").

However, a commissioners court's oversight authority does not permit it to interfere with or usurp the sheriff's authority to use the vehicles, personnel, and other resources that have been allocated to the sheriff to perform the duties of that office. See Tex. Att'y Gen. Op. No. GA-0480 (2006) at 4. In particular, a commissioners court generally may not interfere with the sheriff's responsibility to deploy law enforcement officers and vehicles. See Weber v. City of Sachse, 591 S.W.2d 563, 567 (Tex. Civ. App.—Dallas 1979, writ dism'd) (determining that the sheriff's "decisions as to the deployment of law enforcement officers within the county are left to his discretion and judgment since this matter is not specifically prescribed by law"); Tex. Att'y Gen. Op. No. JC-0214 (2000) at 5 (determining that a commissioners court does not possess the authority to "micro-manage [the sheriff's] deployment of the fleet of cars placed at his disposal"). Disciplining deputies also falls within the sheriff's sphere of authority, regardless of whether a county vehicle is involved. See TEX. LOC. GOV'T CODE § 85.003(c), (f) ("a deputy serves at the pleasure of the sheriff" with certain limitations). Thus, a commissioners court may not adopt a county vehicle policy that unreasonably interferes with or usurps the sheriff's authority to use the vehicles, personnel, and other resources allocated to the sheriff to perform the duties of that office. See Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4 (stating that "[a] commissioners court that adopts

---

[2]While a commissioners court assigns county vehicles to the sheriff, a sheriff may also receive a vehicle forfeited to the state under chapter 59 of the Code of Criminal Procedure "to maintain, repair, use, and operate [the vehicle] for official purposes," pursuant to an agreement between the attorney representing the state and the law enforcement agency. TEX. CODE CRIM. PROC. art. 59.06(b). Article 59.06 assigns duties to a commissioners court but does not address formulation of policy concerning such a vehicle. See id. art. 59.06(b-1) (commissioners court may revoke a sheriff's loan of a forfeited vehicle to another agency or district), (d) (forfeiture proceeds budget to be submitted to the commissioners court). Nevertheless, it is conceivable that a sheriff's use of a forfeited vehicle could implicate matters within the commissioners court's authority, particularly if such use impacts the fiscal operations of the county.

The Honorable Wiley B. McAfee          (KP-0111)
The Honorable Rebecca Lange
Page 4

a policy to keep employees from following their supervising county official's instructions [might] unlawfully interfere in the official's sphere of authority").

Just as the commissioners court may not usurp or unreasonably interfere with the sheriff's core constitutional and statutory duties, however, the sheriff may not frustrate the commissioners court in the performance of its responsibilities. *See* Tex. Att'y Gen. Op. Nos. JC-0214 (2001) at 6–7 (determining that a sheriff may not interfere with the commissioners court's budgetary authority by not turning in an old vehicle); JM-910 (1988) at 10 (determining that county officers were required to comply with requirements of a county personnel policies manual "so long as those requirements do not interfere with the proper operation of the other constitutional or statutory county . . . offices"). In particular matters, a commissioners court may establish broad operational guidelines provided they do not unreasonably interfere with the performance of an independent officer's official duties. *See* Tex. Att'y Gen. Op. Nos. GA-1018 (2013) at 2–3 (commissioners court may establish reasonable office use policy); JM-1098 (1989) at 2 (determining that whether a commissioners court may promulgate smoking regulations in county jail depends on particular facts); H-1190 (1978) at 2–3 (determining that a commissioners court may provide broad operational guidelines applicable to a jail).

Both request letters ask about the commissioners court's authority to adopt the specific policies in the original and subsequent county driver and vehicle policy handbooks. McAffee Request Letter at 1; McAfee Brief at 3–5; Lange Request Letter at 1. We are unable to provide you with an item-by-item review of either handbook. In Attorney General Opinion GA-0994, this office observed that in the event the sheriff's office policy and the commissioners court's county policy conflict, determining which policy prevails "would require an analysis of the specific subject of the policies to determine whether, under the facts and applicable law, the sheriff or the commissioners court possesses final policymaking authority." Tex. Att'y Gen. Op. No. GA-0994 (2013) at 2 n.2. Such an analysis is not within the scope of an attorney general opinion because this office does not construe county ordinances or policies or resolve fact questions, which are matters for the commissioners court to determine in the first instance, subject to judicial review. *See* Tex. Att'y Gen. Op. No. JM-1098 (1989) at 2–3 (declining to answer whether the commissioners court's broad operational guidelines prevail over the sheriff's rules concerning the operation of the jail); *see also* Tex. Att'y Gen. LO-93-107 at 1 ("It is not within the purview of this office to construe local governmental bodies' personnel manuals[.]"). Ultimately, whether a particular county vehicle policy may apply to the sheriff's office depends on (1) whether the policy is within the authority of the commissioners court and, if so, (2) whether the policy usurps or unreasonably interferes with the performance of the sheriff's constitutional or statutory duties. *See* Tex. Att'y Gen. Op. No. GA-1018 (2013) at 2–3.

Ms. Lange also asks whether a county auditor possesses the authority to access and examine county records and adopt and enforce regulations "to ensure" county vehicles are used for "legitimate public purposes" and "to protect the county against legal claims and excessive or improper use of county equipment." Lange Request Letter at 2. While not elected, a county auditor nevertheless possesses "an impressive array of independent administrative duties and discretionary powers." *Comm'rs Ct. of Harris Cty. v. Fullerton*, 596 S.W.2d 572, 576 (Tex. Civ.

App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Like other county officials, county auditors have the powers the law expressly grants and the implied powers necessary to perform the powers expressly granted. *See* Tex. Att'y Gen. Op. No. GA-1002 (2013) at 1. The Local Government Code grants the auditor "general oversight of the books and records of a county, district, or state officer authorized or required by law to receive or collect money or other property that is intended for the use of the county or that belongs to the county." TEX. LOC. GOV'T CODE § 112.006(a). The auditor possesses a right of "continual access" to all records of officers concerning county financial matters. *Id.* § 115.001. The county auditor's oversight duties authorize the auditor to examine an officer's records concerning not only county money but also county property. *See* Tex. Att'y Gen. Op. No. GA-1002 (2013) at 2. The auditor must "see to the strict enforcement of the law governing county finances." TEX. LOC. GOV'T CODE § 112.006(b). The auditor may impose reasonable reporting requirements on county officers in aid of the auditor's fiscal examination and reporting duties. *See* Tex. Att'y Gen. Op. No. JM-1275 (1990) at 2–3.

A county auditor's authority to impose requirements on other county officers is limited to that necessary to the performance of the auditor's duties, however. A county auditor may not access records of a county officer that do not pertain to the auditor's duty to investigate and report on county financial matters. *See* Tex. Att'y Gen. Op. No. JM-1186 (1990) at 4–5 (determining that county auditor could not require a constable to provide a monthly record of civil papers received and served when no fee was involved). Also, a county auditor may not exercise the right of access to an officer's records in a manner that divests the officer of reasonable control over the records. Tex. Att'y Gen. Op. No. GA-1002 (2013) at 2–3. Finally, a county auditor's authority to "see to the strict enforcement of the law" is limited to laws governing county finances. TEX. LOC. GOV'T CODE § 112.006(b); *see also* Tex. Att'y Gen. Op. Nos. JM-1186 (1990) at 4 ("[I]t is not generally within the province of the auditor to ensure that county officers and employees are complying with the duties of their office or employment imposed on them by law where such efforts are not necessary to the accomplishment of the auditor's statutory duties."); M-756 (1970) at 5 (county auditor not entitled to examine a sheriff's records to determine whether prisoners were released before their sentences ended). Thus, whether a county auditor may impose a requirement on other county officers depends on whether the requirement (1) is reasonably necessary to the performance of an auditor's duties and (2) does not usurp or unreasonably interfere with the performance of the officer's constitutional or statutory duties.[3] *See* Tex. Att'y Gen. Op. No. GA-0744 (2009) at 3 (determining that an auditor may not adopt requirements that would usurp or unreasonably interfere with another county officer's statutory authority).

---

[3]A commissioners court may assign appropriate responsibilities to a county auditor in addition to the auditor's statutory duties. *See Agan*, 940 S.W.2d at 80–81 (determining that a commissioners court could delegate to a county auditor "a function that the Legislature has not exclusively delegated to . . . another appropriate county official"). However, a commissioners court may not grant a county auditor authority that usurps or unreasonably interferes with another independent officer's performance of constitutional or statutory duties. *See id.* at 82; Tex. Att'y Gen. Op. No. JM-1074 (1989) at 4 (determining that a commissioners court cannot confer on an agent or officer authority the court itself cannot exercise).

# S U M M A R Y

A commissioners court may enact county vehicle policies applicable to a vehicle used by the sheriff only to the extent that it does not unreasonably interfere with the sheriff's constitutional or statutory duties. Whether the sheriff or the commissioners court possesses final policymaking authority with respect to a specific vehicle policy will depend on specific facts and applicable law, the determination of which is not within the scope of an attorney general opinion.

A county auditor may access county records pertaining to the use of county vehicles and impose vehicle use requirements on other county officers only in aid of the auditor's fiscal examination and reporting duties and only to the extent the requirements do not unreasonably interfere with the officer's constitutional or statutory duties.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee